ABRAHAM ET AL. *v.* STATE OF INDIANA

[No. 28,458.   Filed March 28, 1950.]

*James C. Cooper,* Public Defender, for appellants.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

EMMERT, J.—This is an appeal from an order and judgment denying relief on appellants' petition for

writ of error coram nobis. The appellants, who are negroes, were jointly charged by affidavit in the Criminal Court of Lake County with the offenses of robbery, and the infliction of a physical injury with a deadly weapon in the commission of a robbery, alleged to have been committed on the 31st day of December, 1945. Abraham was arrested that night or early morning in Gary, and the other three appellants were arrested in Chicago within a day or so, and upon waiving extradition were brought to the City Jail in Gary. The record does not disclose when the charge was filed, but the evidence is uncontradicted that they were not brought before any magistrate or court until January 31, 1946, at which time, upon advice of counsel, they each pleaded guilty to the second count, and were sentenced to imprisonment for life.

It will not be necessary to discuss the contentions made by appellants that while in custody of the Gary police department several hundred dollars of their funds were unlawfully converted by various members of that police department, nor the conflicting evidence on the beatings alleged to have been received by Abraham and Mitchell.

The petition for the writ was placed at issue by the state filing an answer in general denial. At the hearing the verified petition was introduced in evidence and oral evidence was heard. Upon review of the evidence we do not weigh conflicting evidence nor determine the credibility of witnesses, but uncontradicted statements of fact in behalf of the petitioners will be taken as true. *Sanders* v. *State* (1882), 85 Ind. 318, 44 Am. St. Rep. 29; *Myers* v. *State* (1888), 115 Ind. 554, 18 N. E. 42; *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; *Batchelor* v. *State* (1920), 189 Ind. 69, 125

N. E. 773; *Bielich* v. *State* (1920), 189 Ind. 127, 126 N. E. 220; *Cassidy* v. *State* (1929), 201 Ind. 311, 168 N. E. 18; *Kuhn* v. *State* (1944), 222 Ind. 179, 52 N. E. 2d 491; *Beard* v. *State* (1949), 227 Ind. 717, 88 N. E. 2d 769.

Upon the undisputed facts it becomes our duty to apply the law to the facts. *Atkinson* v. *State* (1920), 190 Ind. 1, 128 N. E. 433; *Vonderschmidt* v. *State* (1948), 226 Ind. 439, 81 N. E. 2d 782. Our practice in this respect is in accord with the federal rule. *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527; *White* v. *Ragen* (1945), 324 U. S. 760, 65 S. Ct. 978, 89 L. Ed. 1348; *Tomkins* v. *Missouri* (1945), 323 U. S. 485, 65 S. Ct. 370, 89 L. Ed. 407; *Williams* v. *Kaiser* (1945), 323 U. S. 471, 65 S. Ct. 363, 89 L. Ed. 398; *Hawk* v. *Olson* (1945), 326 U. S. 271, 66 S. Ct. 116, 90 L. Ed. 61; *Watts* v. *Indiana* (1949), 338 U. S. 49, 69 S. Ct. 1347, 93 L. Ed. 1801.

The record here does not disclose any reason for the undue delay in bringing appellants before some magistrate or court.[1]

But the morning they were brought in open court and for the first time informed of the charges filed against them, was the first time they had benefit of counsel. Harland was represented by counsel from Chicago who had been employed by his sister, whose

---

[1] ". . . Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Section 12, Article 1, Constitution of Indiana.

"When an officer arrests an accused, either upon a warrant or for a misdemeanor committed within the view of the officer or for a felony when the officer has cause to believe that such crime has been committed, he shall take the accused before the magistrate issuing the warrant, if a warrant has been issued, or before the nearest magistrate if no warrant has been issued, . . ." Section 9-704, Burns' 1942 Replacement.

only advice to his client, in the presence of the other appellants and their pauper counsel, was that his client's statement that the Gary police beat him up "Don't mean nothing," and that he should plead guilty.

Mitchell, Abraham and Herbert requested the court to appoint counsel for them, and this was done. Immediately before arraignment their pauper counsel stated he understood all the defendants would plead guilty to inflicting injury in the perpetration of a robbery, which carried a life sentence. Upon interrogation by the court each appellant said he was informed of the nature of the crime and what the penalty was, and then each pleaded guilty. Thereupon the state moved to dismiss count one, which charged the same robbery.

The only advice of counsel had by any appellant was during the conference at one of the counsel tables in the courtroom, which lasted not to exceed twenty minutes. The pauper counsel read to all appellants a signed confession, which is now alleged to have been obtained by physical coercion. Neither counsel made any attempt to determine how the confession had been obtained, or whether it would be admissible upon trial. Appellants were not advised as to their rights to have a jury trial, nor were they advised that the charge of inflicting an injury during the robbery included the offenses of robbery, grand larceny, and petit larceny.[2] They were not told they

---

[2] Sections 5 and 6 of Ch. 54 of the Acts of 1929, which prohibited a finding of guilty of a lesser or included offense, were repealed by Ch. 85 of the Acts of 1935. The second count of the affidavit charged the infliction of a physical injury with a revolver upon the person of Pete Karstovich (a member of the police department) during a perpetration of a robbery which included the larceny of $153 in money from the person of one Spiro J. Torpa. Sections 9-1806, 9-1816, 9-1817 and 9-1818, Burns' 1942 Replacement, cover the subject of a finding of guilty for a lesser degree or an included offense charged. Petit larceny and grand

had the right to require the state to prove them guilty beyond a reasonable doubt of some offense charged before they could be convicted. They were not asked to relate their version of the alleged offense, nor was any effort made to ascertain what witnesses would know about the alleged offense, nor was any investigation made as to what their testimony would be. Apparently the pauper counsel assumed that he was exercising a judicial function. Upon cross-examination at the hearing he said: "I would first try to determine whether or not a man is guilty, if he admits his guilt, then I advise him to go before the Court and admit it to the Court and tell the Court the whole truth about the matter. Then if I don't think he is guilty I plead him not guilty and exert all of my efforts to see that he is properly defended and given a fair trial."

The guilt or innocence of an accused does not determine whether or not he should plead guilty or stand trial. He is entitled to be advised as to all his legal rights involved under the law and the facts, and even though guilty he has the right to require the state to prove every material allegation of the offense charged. He has the right to expect that his court-appointed counsel will make such investigation of the facts as the circumstances require. Neither counsel in this case made sufficient investigation of the facts to be in a position to understandingly advise appellants on entering pleas of guilty. They failed to

larceny are included in the offense of robbery. Duffy v. State (1900), 154 Ind. 250, 56 N. E. 209; Jacoby v. State (1936), 210 Ind. 49, 199 N. E. 563. Count 2 of the affidavit as drafted included the offense of robbery of which the appellants could have been convicted. Appellants gained nothing by the dismissal of Count 1, which was for the same robbery to which they pleaded guilty under Count 2.

advise their clients as to their legal rights. An accused has the right to elect as to whether he will stand trial or plead guilty. If he elects to stand trial his counsel should vigorously present every legal defense and represent him with his utmost skill and ability. Anything short of this is not adequate, competent or effective representation by counsel which the Constitution commands shall be afforded.

The right to be heard by counsel provided by § 13 of Article 1 of the Constitution of Indiana, as well as the due process clause of the Fourteenth Amendment cannot be nullified by the appointment of incompetent counsel who give merely perfunctory or casual representation. *Rhodes* v. *State* (1927), 199 Ind. 183, 156 N. E. 389; *Castro* v. *State* (1925), 196 Ind. 385, 147 N. E. 321; *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848; *Bradley* v. *State* (1949), 227 Ind. 131, 84 N. E. 2d 580; *Sanchez* v. *State* (1927), 199 Ind. 235, 157 N. E. 1; *State ex rel. White* v. *Hilgemann* (1941), 218 Ind. 572, 34 N. E. 2d 129; *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 29 N. E. 2d 405, 130 A. L. R. 1427; *Powell* v. *Alabama* (1932), 287 U. S. 45, 53 S. Ct. 55, 77 L. Ed. 158, 84 A. L. R. 527, *supra.*

This right is not defeated merely because an accused himself employs incompetent counsel who affords inadequate representation. *Sanchez* v. *State, supra.* Nor is this constitutional protection waived because the accused may in fact be guilty. "The safeguards erected by the Constitution are intended to protect the rights of all citizens alike. They protect the rights of the guilty as well as those of the innocent." *Batchelor* v. *State, supra;* see also *Beard* v. *State, supra; Rhodes* v. *State, supra.* As was

stated by Chief Justice Stone, "Constitutional safeguards for the protection of all who are charged with offenses are not to be disregarded in order to inflict merited punishment on some who are guilty. *Ex parte Milligan, supra* (4 Wall (US) 119, 132, 18 L ed 295, 299) ; *Tumey* v. *Ohio,* 273 US 510, 535, 71 L ed 749, 759, 47 S Ct 437, 50 ALR 1243; *Hill* v. *Texas,* decided June 1, 1942 (316 US 400, 406, 86 L ed 1559, 1563, 62 S Ct 1159.)" *Ex parte Richard Quirin* (1942), 317 U. S. 1, 25, 87 L. Ed. 3, 11, 63 S. Ct. 2, 9.

Judgment reversed, with instructions to the trial court to grant the petition, and to permit the appellants to withdraw their pleas of guilty.

Starr and Young, J. J., not participating.

NOTE.—Reported in 91 N. E. 2d 358.