WILLIE LEE LYLES *v.* STATE OF INDIANA

[No. 3-1275A384. Filed November 28, 1978.]

Robert W. Hammerle, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General of Indiana, Elmer Lloyd Whitmer, Deputy Attorney General, for appellee.

SHIELDS, J. — The appellant, Willie Lee Lyles (Lyles) was charged with, and convicted, by a jury, of commission of a felony while armed, to wit: Robbery.[1] This appeal is taken from the trial court's denial of Lyles' belated motion to correct errors.

Lyles was charged, by information, on December 19, 1974. After the appointment and withdrawal of several Public Defenders, Lyles retained private counsel.[2] Lyles was tried, by a jury, on April 7, 1975, and a guilty verdict was returned the same day. Lyles was sentenced, on April 29, 1975, to serve a prison term of ten (10) years. Although Lyles informed the court of his desire to appeal at this hearing, no immediate appeal was taken. As a result of correspondence between Lyles and the trial judge, a hearing was held on September 9, 1975, the record of which revealed the basis of this appeal. At this hearing, the trial judge granted Lyles permission to file a belated motion to correct errors and appointed a Public Defender to prosecute this appeal.

While there are serious procedural questions presented with respect to the nature and propriety of the hearing held on September 9, 1975, in the interest of justice we consider the hearing as one held pursuant to Indiana Rules of Procedure, Post-conviction Rule 2, and proceed to the merits to the end that it may be determined whether substantial justice has been denied to Lyles. In so doing, however, we must caution that:

"any tendency toward liberality in construing the rules of practice

---

1. IC 1971, 35-12-1-1 (Burns Code Ed.).

2. Counsel on appeal did not represent Lyles at trial.

and procedure should not be treated as a license to ignore plain and concise rules of practice." *McDougall v. State* (1970), 254 Ind. 62, 64, 257 N.E.2d 674, 676.

The record of the hearing held on September 9, 1975 reveals that on the day of trial, before it commenced, the prosecutor, judge and defense counsel conferred in chambers. During this conference, the prosecutor offered the defendant a "plea bargain" whereby Lyles would plead guilty to Theft[3] and the prosecutor would recommend a sentence of one to five years. The judge then told both attorneys that, because the jury had already been impanelled, he would not accept the guilty plea until Lyles paid a $170.00 "Jury Impanelling Fee."[4] Defense counsel left chambers with the ostensible purpose of discussing this proposal with Lyles. When counsel returned, the prosecutor and judge were informed that, "He would not do it." Thus, the trial commenced and Lyles was convicted as charged.

Lyles had prior knowledge of a tentative offer made during earlier negotiations between the State and the defense. He was, however, never informed of the offer made in chambers; rather, he was told by his attorney that the plea bargain had fallen through, i.e., "The prosecutor wouldn't go along with it." On appeal, Lyles asserts that his defense counsel's failure to communicate the State's plea bargain offer to him denied him the effective assistance of counsel. We agree.

It is the duty of counsel, whether appointed or retained, to afford his client full and adequate representation and consultation, which includes a complete explanation of the constitutional rights of the defendant, the existence of defense, and the consequences of any pleas. *Conley v. State* (1972), 259 Ind. 29, 284 N.E.2d 803. Only then can a defendant intelligently and voluntarily make those decisions that are his, and his alone to make. These decisions, personal to the defen-

---

3. IC 1971, 35-17-5-3 (Burns Code Ed.).

4. Since we find error in defense counsel's failure to communicate the plea arrangements with Lyles, we need not address his arguments relating to the imposition of the $170.00 jury fee as a pre-condition to the court's acceptance of the guilty plea. We note, however, the trial court intimated at the post-conviction hearing that had he known of Lyles' financial condition he would not have imposed such a fee. Further, we note in passing, that there is no statutory authority for the imposition of such a fee.

dant, include waivers of constitutionally protected rights such as the right to trial by jury, right to confront one's accusers and the privilege against compulsory self incrimination. Another such decision that is a defendant's alone to make is the one Lyles was not permitted to make by the conduct of his counsel. As our Supreme Court stated: "An *accused* has the right to elect as to whether he will stand trial or plead guilty." *Abraham v. State* (1950), 228 Ind. 179, 185, 91 N.E.2d 358, 360. (emphasis added). *A fortiori* such election may not be intelligently or voluntarily made without consultation; and certainly not without communication.

This minimal requirement is embodied in the A.B.A. Standards, The Defense Function § 6.2(a) as follows:

(a)   In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and *all proposals made by the prosecutor should be communicated promptly to the accused.* (emphasis added).

The commentary to this section explains:

Because plea discussions are usually held without the accused being present, *there is a duty on the lawyer to communicate fully to his client the substance of the discussions.* It is important that the accused be informed of proposals made by the prosecutor; *the accused, not the lawyer, has the right to pass on prosecution proposals,* even when a proposal is one which the lawyer would not approve. If the accused's choice on the question of a guilty plea is to be an informed one, he must act with full awareness of his alternatives, including any that arise from proposals made by the prosecutor. (emphasis added).

*See also*, A.B.A. Standards, Pleas of Guilty § 3.2.

Incompetency of counsel revolves around the particular facts of each case. *Dull v. State* (1978), 267 Ind. 549, 372 N.E.2d 171, 173. On appeal, the presumption that counsel was competent can be overcome only by strong and convincing evidence. *Baum v. State* (1978), 269 Ind. 176, 379 N.E.2d 437, 439. The standard for determining whether the defendant has been denied competent counsel is whether the trial resulted in a "mockery of justice" because of the failure of the attorney to provide the defendant with adequate legal representation. *Cottingham v. State* (1978), 269 Ind. 261, 379 N.E.2d 984, 986.

In the case at bar, the defense counsel's failure to communicate the State's plea offer short-circuited the entire guilty plea process. This was not a matter of trial tactics or strategy, which do not automatically constitute incompetence. *Magley v. State* (1975), 263 Ind. 618, 335 N.E.2d 811; *Bucci v. State* (1975), 263 Ind. 376, 332 N.E.2d 94; *Roberts v. State* (1975), 263 Ind. 53, 324 N.E.2d 265. This case involved a decision of the utmost importance: whether or not to plead guilty. In matters of such importance, the attorney has no option, he must advise his client of the proposed plea agreement. Here, this duty to advise was clearly and flagrantly breached. That Lyles was prejudiced[5] is evident: he was sentenced to ten years, when he had an opportunity to plead to an offense with a recommendation of a one to five year sentence.

Since Lyles was denied the effective assistance of counsel at a critical stage of the proceedings, we are constrained to reverse the judgment of the trial court and remand with instructions to conduct a guilty plea hearing, assuming, as equity indicates under the limited facts of this case, the State's offer continues. *Cf., Santobello v. New York* (1971), 404 U.S. 257, 262, 263; *Spaulding v. State* (1975), 165 Ind. App. 64, 330 N.E.2d 774, 778. However, should the State withdraw its offer to permit Lyles to plead guilty to the crime of theft, or should the trial court, in its informed discretion, refuse to accept the guilty plea, if offered, Lyles is to be granted a new trial.

Reversed and remanded with instructions.

Buchanan, C.J., concurs.

Sullivan, J., concurs.

NOTE—Reported at 382 N.E.2d 991.

---

5. During the post-conviction proceedings Lyles' trial counsel maintained that her defalcation was not prejudicial to Lyles, contending, *inter alia*, that the court would not have accepted the guilty plea since Lyles was protesting his innocence. This contention, however, is untenable; for, notwithstanding a defendant's inability or unwillingness to admit guilt, his guilty plea may be accepted if voluntary, knowingly and understandingly given, so long as there exists a factual basis for the plea. *See e.g., Campbell v. State* (1975), 262 Ind. 594, 321 N.E.2d 560 (defendant's guilty plea valid, notwithstanding his professed lack of knowledge); *see also, Likens v. State* (1978), 177 Ind. App. 101, 378 N.E.2d 24; *Boles v. State* (1973), 261 Ind. 354, 303 N.E.2d 645; *Brown v. State* (1975), 163 Ind. App. 132, 322 N.E.2d 98.