Gerald COBBS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 1281S346.

Supreme Court of Indiana.

May 7, 1982.

Susan K. Carpenter, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Gerald Cobbs, is before this Court appealing from the denial of his petition for relief under Post-Conviction Relief, Rule 1. He was convicted by a jury of kidnapping and rape and was sentenced to terms of life imprisonment and two to twenty-one years. His convictions were affirmed by this Court in *Cobbs v. State*, (1975) 264 Ind. 60, 338 N.E.2d 632. He now raises the single issue of whether he was denied his constitutional right to the effective assistance of counsel.

A summary of the facts relevant to this issue shows that at the post-conviction hearing defendant testified that he met

with his court-appointed attorney on only two occasions prior to his trial. He stated that he had informed the attorney about an alibi defense, that he had been home ill on the night of the crime with his girlfriend, and that he wanted the attorney to interview her and call her as an alibi witness. He further testified that the attorney had failed to interview his girlfriend and had not interviewed any of the state's witnesses. His girlfriend did not testify at the original trial. Defendant further testified that due to lack of preparation his counsel's cross-examination of the state's witnesses did not properly attack their credibility and that his counsel did not make a sufficient effort to suppress the pretrial or in-court identifications made by the victim.

Defendant's girlfriend also testified that she had been living with defendant at the time of the crime. She stated that on the evening of January 3, 1972, she had fixed dinner for defendant and although she had gone out briefly, early in the evening, she had returned at 7:30 p. m. and found defendant in bed. She had remained home the rest of the evening and had called defendant's mother late that night concerning his unwillingness to see a doctor. She stated that she had found a library card with a woman's name and telephone number on it either in defendant's wallet or in his jacket. She called the number and asked the woman if she knew defendant. This woman was the prosecutrix at the trial.

Defendant did not call his trial counsel to testify at the post-conviction hearing, although the record shows that he was available and still engaged in the practice of law. A transcript of the original trial proceedings was introduced into the record, but no further testimony was given. The trial court found that there was adequate representation by counsel as the attorney had filed several pretrial motions for defendant, cross-examined witnesses, vigorously objected to the testimony of one of the state's witnesses who testified about a similar, prior incident, and presented defendant's alibi defense through the testimony of defendant, himself, and his mother. The court found that the decision not to call defendant's girlfriend to testify was strategically prudent since she was the person who found the victim's library card in defendant's wallet and set in motion the events leading to defendant's arrest. Evidence at the original trial showed that defendant's possession of the library card established a strong similarity to a prior incident.

We find no error in the trial court's judgment in this case. Defendant's case is governed by two well-settled principles. First, the burden of proof in post-conviction proceedings rests with the petitioner to establish his grounds for relief by a preponderance of the evidence. Ind.R.P.C. 1 § 5; *Lindley v. State*, (1981) Ind., 426 N.E.2d 398, *Laird v. State*, (1979) Ind., 385 N.E.2d 452. The judge hearing the petition is the sole judge of the weight of the evidence and the credibility of the witnesses. His decision will be reversed only where the evidence is without conflict and leads unerringly to a result not reached by the trial court. *Tillman v. State*, (1982) Ind., 432 N.E.2d 407; *Johnson v. State*, (1980) Ind., 406 N.E.2d 1170; *Cottingham v. State*, (1978) 269 Ind. 261, 379 N.E.2d 984.

Next, it has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption. *Rinard v. State*, (1979) Ind., 394 N.E.2d 160; *Jones v. State*, (1978) Ind., 387 N.E.2d 440. Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard. *Lindley v. State, supra; Crisp v. State*, (1979) Ind., 394 N.E.2d 115. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel. *Hollon v. State*, (1980) Ind., 398 N.E.2d 1273; *Smith v. State*, (1979) Ind., 396 N.E.2d 898; *Crisp v. State, supra.* Finally, in cases such as this where no effort was made to produce either the testimony of the trial coun-

sel or counsel's affidavit, the court at a post-conviction hearing may infer that the counsel would not have corroborated defendant's allegations of incompetency. *Lenoir v. State*, (1977) 267 Ind. 212, 368 N.E.2d 1356; *Vernor v. State*, (1975) 166 Ind.App. 363, 336 N.E.2d 415.

In this case, there was evidence to show that defendant's trial counsel had rendered adequate assistance in both the pretrial phase and the trial itself, that he had presented an alibi defense for defendant in the face of substantial evidence to the contrary, and that the counsel's decision not to call defendant's girlfriend as a further alibi witness was a prudent, strategic decision. Furthermore, many of defendant's assertions made at the post-conviction hearing were uncorroborated by the evidence in the record. Since we cannot say that the evidence is without conflict and leads unerringly to a result not reached by the trial court, we must uphold the denial of post-conviction relief.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.