Tommie L. ROSS, Appellant,

v.

STATE of Indiana, Appellee.

No. 483S122.

Supreme Court of Indiana.

Dec. 2, 1983.

Susan K. Carpenter, Public Defender of Ind., Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted of Armed Robbery resulting in bodily harm and Armed Rape. He was sentenced to forty (40) years imprisonment and the sentence was enhanced by thirty (30) years for being an habitual offender. His conviction was affirmed in *Ross v. State,* (1980) Ind., 413 N.E.2d 252. Appellant's Petition for Post-Conviction Relief was denied and he appeals.

Appellant claims the trial court at the post-conviction hearing erred in its holding on five issues. They are: 1) there was an insufficiency of evidence to support the conviction; 2) the appellant was entrapped by the police; 3) the State used a felony, which is now a misdemeanor, incorrectly to support a finding that the appellant was an habitual offender; 4) a pretrial lineup was held without counsel present and the results were prejudicial to the appellant; and, 5) counsel in appellant's behalf was ineffective.

The first four issues were reviewable on the direct appeal. Post-conviction relief is not a substitute for appeal but is a process for raising issues unknown at trial or not available at trial. *Riner v. State,* (1979) 271 Ind. 578, 394 N.E.2d 140. The failure to raise these four issues on his direct appeal constituted a waiver. The Court will not entertain them on this appeal from the denial of post-conviction relief.

Appellant contends his trial counsel was ineffective in four areas. First, he claims a plea bargain agreement was offered but rejected by his attorney. An agreement was offered by the State, in open court, to the appellant and his counsel. Counsel indicated the appellant did not wish to accept the agreement. Appellant was present when the offer was made and rejected. Appellant now contends only a defendant can accept or reject a plea agreement. The appellant is only partially correct. The decision of whether or not to accept a plea agreement is personal and can be made only by the defendant. *Abraham v. State,* (1950) 228 Ind. 179, 91 N.E.2d 358; *Lyles v. State,* (1978) 178 Ind.App. 398, 382 N.E.2d 991. The case at bar is distinguishable from *Lyles* where the plea bargain was offered to counsel and counsel failed to transmit the offer to the defendant. The Court of Appeals held the rejection of the plea in that case by the attorney was improper. In this case appellant was present and, if the rejection was not the decision reached by the defendant, he had every right to point that fact out to the court. We believe the attorney was speaking for the defendant in his presence. Appellant's present contention that the plea rejection was not his intention is without merit.

Appellant argues what he really wanted to do was to accept the agreement while maintaining his innocence. He cites *Boles v. State,* (1973) 261 Ind. 354, 303 N.E.2d 645 for the proposition a court may accept a guilty plea from a defendant who also maintains his innocence when there is overwhelming evidence against the defendant. The defendant in *Boles* was charged with first-degree murder and faced a possible death sentence. A plea agreement was struck and the defendant agreed to plead guilty to second-degree murder. The trial court carefully questioned the defendant to ascertain that the plea was freely and knowingly given. The judge questioned the defendant concerning his knowledge of the consequences of the plea. The judge then

asked if the defendant still wished to plead guilty and the defendant replied, "Yes sir." The court then heard evidence against the defendant and accepted the plea. At his post-conviction relief hearing, the defendant for the first time challenged the voluntary nature of the plea. He contended the plea was made under duress. A divided court affirmed the finding of no error. Justice Hunter wrote the opinion to affirm and Justice Arterburn concurred. Justice DeBruler dissented in an opinion in which Justice Prentice concurred and Justice Givan took no part in the decision.

In reaching its conclusion to affirm, the Court relied upon the case of *Alford v. North Carolina,* (1970) 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. *Alford* is a case in which a defendant entered a guilty plea while maintaining his innocence. The U.S. Supreme Court said:

"Thus, while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime.

   *     *     *     *     *     *

"Whether he [defendant] realized or disbelieved his guilt, he insisted on his plea because in his view he had absolutely nothing to gain by a trial and much to gain by pleading. Because of the overwhelming evidence against him, a trial was precisely what neither Alford nor his attorney desired. Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term.

   *     *     *     *     *     *

"In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter

it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it." 400 U.S. at 37–39, 91 S.Ct. at 167, 27 L.Ed.2d at 171–172.

Using *Alford* as the basis, this Court said:

"We agree with the rationale hereinabove quoted, but we do not imply that Indiana courts should depart from close judicial scrutiny of guilty pleas. A guilty plea amounts to an admission of the crime charged. *Batchelor v. State* (1920), 189 Ind. 69, 125 N.E. 773. Therefore, where a guilty plea is accompanied with a protestation of innocence and unaccompanied by evidence showing a factual basis for guilt, the trial court should never accept it. But where, as in the case at bar, the plea is accompanied with overwhelming evidence of the defendant's guilt, the defendant is judicially advised of all the rights he is waiving, and the plea is voluntarily, freely, and knowingly given, then the subjective motivation behind such plea shall not render it defective. Subsequent contentions of innocence arising during post-conviction relief proceedings are not sufficient, nothing more appearing, to attack a previously entered plea of guilty." *Boles, supra,* 303 N.E.2d at 654.

Adopting the language of *Alford* was not essential to the resolution of the issues in *Boles*. *Boles* did not deal with a defendant who plead guilty and maintained his innocence at the same time. The recitation of *Alford* was merely dictum in the *Boles* case. The language did create confusion, however, as it impliedly overruled *Harshman v. State*, (1953) 232 Ind. 618, 115 N.E.2d 501. In *Harshman,* this Court stated:

"As we view it, a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction. No plea of guilty should be accepted when it appears to be doubtful whether it is being intelligently and understandingly made, or when it appears that, for any reason, the

plea is wholly inconsistent with the realities of the situation." *Harshman, supra,* at 621, 115 N.E.2d 501.

While the *Boles* opinion does not contend it was overruling *Harshman,* the appellate courts of Indiana gave it that effect. *See Anderson v. State,* (1979) Ind.App., 396 N.E.2d 960; *Liffick v. State,* (1977) 174 Ind.App. 298, 367 N.E.2d 34. A closer reading of *Alford* shows it did not create a mandatory requirement for the court to accept a plea of guilty in these circumstances. The Court in a footnote observed:

"Our holding does not mean that a trial judge must accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted by the court, see *Lynch v. Overholser,* 369 U.S. [705] at 719 [82 S.Ct. 1063, 8 L.Ed.2d 211 (1962) ] (by implication), although the States may by statute or otherwise confer such a right. Likewise, the States may bar their courts from accepting guilty pleas from any defendants who assert their innocence. Cf. Fed.Rule Crim.Proc. 11, which gives a trial judge discretion to 'refuse to accept a plea of guilty . . . .' We need not now delineate the scope of that discretion." 400 U.S. at 38, 91 S.Ct. at 160, 27 L.Ed.2d at 168, n. 11.

The First Circuit said, "We find nothing in *Alford* that obliges the court to accept a guilty plea merely because it is warranted in doing so." *United States v. Bednarski,* (1st Cir.1971) 445 F.2d 364.

The problem has been further compounded by the reliance given *Boles* beyond its legitimate precedential value. The opinion in *Boles* did not have the support of a majority of the Court nor was the holding directly on point for the type of defendant now in question. The time has come to clearly state the Indiana law on this issue.

■ We hold, as a matter of law, that a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error.

We, therefore, find no merit to appellant's contention that he should have been allowed to plead guilty but also maintain his innocence.

The second alleged error by counsel dealt with a lineup. Appellant was a participant in a pretrial lineup in which the State's key witness made an identification of appellant. He now maintains that the lineup was improper due to a lack of counsel being present. He further argues effective trial counsel would have taken action to suppress the evidence gained at the lineup. He also notes that the failure of counsel to make motions to suppress the evidence resulted in possible waiver of the issue.

Thirdly, appellant claims counsel was ineffective when he failed to use pretrial statements to impeach trial witnesses. Statements given by witnesses the night of the robbery indicated four or five black male suspects were involved. However, the witnesses could not identify the clothing worn by the suspects nor could they identify their facial appearance due to stocking masks being worn by the suspects. At trial the witnesses testified that three black males robbed the store. Appellant contends competent counsel would have attacked the credibility of these witnesses by using the prior statements.

Lastly, appellant maintains trial counsel worked too closely with counsel appointed to represent two co-defendants. These co-defendants accepted plea bargain agreements before defendant went to trial. All co-defendants were charged with robbery and only the appellant was charged with rape. Counsel was appointed for all three. However, he withdrew suggesting that a conflict of interest existed between the clients and separate counsel for each was necessary. This was done but appellant maintains the separate attorneys worked so closely together the conflict of interest remained. He indicates the attorneys filed identical motions in the pretrial setting and his counsel did nothing solely for the appellant until the co-defendants accepted the plea agreements. He suggests because he faced the greatest risk, due to the additional charge, his defense should have been more individualistic.

■ Appellant suggests a change in the standard used to review competency of counsel. The current standard in Indiana for review of the competency of counsel was set out in *Cobbs v. State,* (1982) Ind., 434 N.E.2d 883. There we stated:

"[I]t has long been established that there is a presumption that counsel is competent and that strong and convincing evidence is required to rebut the presumption . . . . Incompetency of counsel revolves around the particular facts of each case and the standard of review on this issue is the mockery of justice test as modified by the adequate legal representation standard . . . . This Court will not speculate as to what may have been the most advantageous strategy in a particular case. Isolated poor strategy, bad tactics, or inexperience does not necessarily amount to ineffective counsel . . . . Finally, in cases such as this where no effort was made to produce either the testimony of the trial counsel or counsel's affidavit, the court at a post-conviction hearing may infer that the counsel would not have corroborated defendant's allegations of incompetency." (Citations omitted.) *Id.* at 884, 885.

We reaffirm this is still the standard to be applied in competency evaluations.

■ At a post-conviction relief hearing, the appellant has the burden of proof to show beyond a preponderance of the evidence the correctness of his position. Ind.P.C.R. 1 § 5. The appellant at the hearing offered the trial transcript and oral arguments to support his position but no witnesses were called. The trial counsel was subpoenaed but was not called to testify. Thus, all "evidence" against the trial counsel must be found within the record of the trial. The same judge served at both the trial and the post-conviction hearing. He witnessed the competency of the counsel at the trial and he reviewed each of the appellant's arguments at the hearing. He concluded:

"An overall examination of the trial record in this cause demonstrates to this court that the trial attorney for the mov-ant vigorously defended the movant in both the pre-trial proceedings and during the trial of the cause. As the trial judge and judge during much of the pre-trial proceedings, this court found that court-appointed trial counsel for the movant was active in the defense of the movant and in his efforts to protect the rights of the movant during the proceedings.

"Certainly no act or omission on the part of the trial attorney in presenting a defense for the movant constituted a mockery of justice, and this court finds that the representation afforded the movant by his trial attorney was adequate and professional, and not perfunctory in any sense. Any misjudgment made by counsel with respect to appropriate strategy, or any isolated mistake in judgment which may be apparent after the fact of conviction, did not constitute a lack of adequate legal representation in this case."

In the review of the denial of a Post-Conviction Relief Petition, this Court does not weigh the evidence nor judge the credibility of the witnesses. Only when the evidence is without conflict and leads to but one reasonable conclusion contrary to that reached by the trial court will this Court reverse. *Weaver v. State,* (1982) Ind., 432 N.E.2d 5. In the case at bar the only evidence was the transcript and it alone does not meet the standards for reversal.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result with separate opinion.

DeBRULER, Justice, concurring in result.

I am in accordance and sympathy with the purpose in the majority opinion to clearly state the law governing the situation where a defendant stands before the judge and pleads guilty but "maintains his innocence." As I read the cases of *Harshman v. State,* (1953) 232 Ind. 618, 115 N.E.2d 501, and *Boles v. State,* (1973) 261 Ind. 354, 303 N.E.2d 645, I am led to regard them as basically consistent. *Harshman* voices con-

cern for the fact the record disclosed that "no evidence whatever pointing to appellant's guilt was adduced, either before, during or after the entry, of the plea." *Boles* has the same thread. "Therefore, where a guilty plea is accompanied with protestation of innocence and unaccompanied by evidence showing a factual basis for guilt, the trial court should never accept it." The reality is, I believe, that this type of litigation has been brought under the umbrella of the statutes governing guilty pleas, i.e., Ind.Code §§ 35–35–1–2 and 35–35–1–3 and the present trial and appellate approach is to deal with this issue within that framework. *Cf. Lombardo v. State,* (1981) Ind., 429 N.E.2d 243. I therefore believe that a better bright line for judges and lawyers would be the one drawn by the admonition, "STICK TO THE STATUTES". Under the statutory scheme, protestations of innocence are to be evaluated within that part of the guilty plea process by which the court seeks to satisfy itself "from its examination of the defendant or the evidence presented that there is a factual basis for the plea." Ind.Code § 35–35–1–3(b).