**Onel D. GARCIA, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 53S00–8609–CR–824.**

Supreme Court of Indiana.

Jan. 11, 1988.

three (23) years, the terms to run concurrently.

The facts are: As of December 1985, appellant and Michael Stack had known each other for about two years. In April 1985, appellant travelled from Miami, Florida, to Bloomington and sold Stack an ounce of cocaine. At that time, they agreed on a procedure whereby Stack would call appellant and order a quantity of cocaine to be delivered by some form of express mail. Stack would then send payment after selling the drugs. This procedure was followed approximately six times until August of that year. During this period of time, they discussed the possibility of a large drug transaction that would allow them to get out of the business.

During the first week of August 1985, appellant informed Stack that a large shipment of drugs would be sent. Stack received one half pound of cocaine on August 7, 1985. Stack was arrested later that day on the basis of information furnished by his local confederates who were working with the police. Following his arrest, Stack agreed to help with the apprehension of appellant in return for a break on the charge against him.

■ Appellant claims he was denied his right to effective assistance of counsel. Appellant recognizes the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. However, appellant takes the position that his trial counsel did not provide effective assistance as defined by *Strickland.* He claims his counsel failed to contact and interview defense witnesses prior to trial, failed to subpoena witnesses expressly requested by appellant, failed to adequately consult with appellant to secure a grasp of the facts of the case, failed to depose a State witness despite appellant's specific requests, and failed to elicit helpful testimony from a defense witness who was called to testify at trial.

To support these allegations, appellant points out that his trial counsel attempted to present a defense of entrapment. However, he claims his counsel failed to discover that appellant would in fact deny

David J. Colman, Colman & Carter, Bloomington, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

Appellant was convicted of Conspiracy, a Class A felony, for which he received a sentence of twenty-three (23) years, and Dealing in Cocaine, a Class A felony, for which he received a sentence of twenty-

mailing the cocaine to Stack when he testified at trial. He argues had counsel acquired this information in advance he could have presented the defense of entrapment without permitting appellant to take the witness stand, therefore, entitling him to a jury instruction on the entrapment defense.

As the situation developed at trial, after appellant's counsel presented his defense of entrapment, appellant then was placed on the witness stand and emphatically denied participation in the drug shipment. Thus, when counsel presented his instruction on entrapment, the trial judge refused the instruction on the basis that the defense of entrapment was inconsistent with a total denial of participation. We are somewhat puzzled by the allegations of appellant in that it is obvious that his counsel needed more preparation and knowledge of the facts of the case to establish a defense of entrapment than he would have needed to present a flat denial of any participation in the shipment of drugs.

It is abundantly clear from this record that, by some means or another, appellant's trial counsel obtained considerable knowledge of the situation. We cannot tell from this record whether the inconsistent defenses resulted from a lack of communication between counsel and appellant or whether once on the witness stand appellant simply chose to testify in a manner inconsistent with prior statements to counsel. Even if we assume for the sake of argument that counsel embarked on the strategy of entrapment as a defense without full consultation with his client, we nevertheless will not speculate as to what may have been the most advantageous strategy to espouse. We have previously held that poor strategy or bad tactics did not necessarily amount to ineffective counsel. *Cobbs v. State* (1982), Ind., 434 N.E.2d 883.

Appellant does not now argue that he had a good defense of nonparticipation but rather argues that trial counsel should have kept him from the witness stand thus enabling counsel to proceed with the defense of entrapment. If there in fact were substance to the defense of nonparticipation, it certainly would have been a mistake to abandon such defense in favor of entrapment. On the other hand, if there were no substance to the nonparticipation allegation by appellant, the abandonment of an entrapment defense in favor of an untenable defense of nonparticipation would have been foolish. We have before us only the bare conclusions of appellant as to his consultation with counsel and the manner in which he now believes his counsel should have proceeded. We do not have even the allegation of sufficient facts to draw the conclusion that counsel was ineffective. We will not engage in speculation as to counsel's trial tactics. *Id.*

Appellant claims the trial court erred in refusing to instruct the jury on the defense of entrapment. Although appellant's counsel had submitted the defense of entrapment, such defense was obviously jeopardized when appellant testified that he did not participate in the shipment. Following this turn of events, the trial court stated: "The Court has determined as a matter of law that the entrapment defense is not applicable to the cause herein, that being its applicability to Count II for which it is raised." Judge Baker was correct in this assessment.

Appellant had participated in cocaine shipments with Stack. James Keys, a friend of Stack, had aided him in selling the cocaine. Keys cooperated with police giving information as to the time Stack was to receive shipments of cocaine from appellant. After the shipments were received by Stack, he was arrested. Stack then agreed to aid police in persuading appellant to come to Indianapolis to collect payment for the shipments. No entrapment was involved as to the cocaine shipments which were the basis for the charges in this prosecution.

We have held that when a third party, in this case Keys, leads police to the persons ultimately charged, there is no entrapment. *See Everroad v. State* (1982), Ind., 442 N.E.2d 994; *Thompson v. State* (1972), 259 Ind. 587, 290 N.E.2d 724, *cert. denied* (1973), 412 U.S. 943, 93 S.Ct. 2788, 37 L.Ed. 2d 404.

The trial court did not err in refusing to instruct the jury on the defense of entrapment.

 Appellant claims the trial court erred in refusing to grant his motion for mistrial. During the cross-examination of State's witness James Keys, the trial court sustained two consecutive objections by the prosecutor. The third time the prosecutor objected the trial court instructed the witness to step down and directed the State to call its next witness. When defense counsel requested permission to ask an additional question, the trial court stated: "Sir, I've asked you to go ahead with your questioning, and you've repeated some questions three and four times, and I believe now that you've come to the end of your questioning when you start repeating your questions or asking questions that are continually and obviously irrelevant." Defense counsel then asked to be heard outside the presence of the jury, which was granted. After exchange between counsel and the bench, the jury was recalled and the witness was again placed on the stand and subjected to further cross-examination and redirect examination.

Appellant now claims the action of the trial court was so prejudicial that a new trial should have been granted. "The trial judge may not assume an adversarial role in the proceedings but may intervene in the fact-finding process and question witnesses in order to promote clarity or dispel obscurity." *Fox v. State* (1986), Ind., 497 N.E.2d 221, 227. He also has the duty to manage and control the proceedings conducted before him. *Cornett v. State* (1983), Ind., 450 N.E.2d 498. However, appellant cites the case of *Kennedy v. State* (1972), 258 Ind. 211, 280 N.E.2d 611, for the proposition that a judge should not engage in undue interference, impatience, or participation in the examination of a witness. We do not view Judge Baker's action in the case at bar as such improper intervention. In the *Kennedy* case, the trial judge's intervention "clearly appears to be an attempt to impeach the expert witnesses who testified favorably for the defense. It also gives the impression that the judge doubts the credibility of these witnesses; this being done in the presence of the ever watchful jury." *Id.* at 222, 280 N.E.2d at 618. We find no such misconduct in the case at bar.

An examination of the record clearly discloses that trial counsel had become overzealous and somewhat frustrated in attempting to cross-examine the State's witness. He had in fact become quite repetitious and had strayed from the points at issue. Judge Baker made no attempt to take sides but simply properly intervened to move the trial along. After the jury had been excused and defense counsel further explained himself to the trial judge and stated matters which he wished to pursue in further cross-examination of the witness, Judge Baker relented and permitted such cross-examination. We hold Judge Baker was entirely within the framework of our holdings in *Fox* and *Cornett, supra,* and he did not err in refusing to grant appellant's motion for a mistrial.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.