Edward E. CARNEY, Jr., Appellant–
Defendant Below,

v.

STATE of Indiana, Appellee–
Plaintiff Below.

No. 12A02–9012–PC–745.[1]

Court of Appeals of Indiana,
Third District.

Oct. 28, 1991.

Transfer Denied Jan. 23, 1992.

Karon E. Perkins, Dalmbert, Marshall & Perkins, An Association of Lawyers, Columbus, for appellant-defendant below.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellee-plaintiff below.

1. This case was diverted to this office by order of the Chief Judge.

STATON, Judge.

Edward Carney appeals the denial of his petition for post-conviction relief which sought the withdrawal of his guilty plea. Carney presents three issues for our review:

I.  Whether his guilty plea was improperly accepted due to a protestation of innocence?

II.  Whether his guilty plea was coerced?

III.  Whether his guilty plea was unsupported by a sufficient factual basis?

We affirm.

At a guilty plea hearing held on March 8, 1989, Carney entered a plea of guilty to dealing in cocaine,[2] conspiracy to sell hashish [3] and maintaining a common nuisance.[4] Pursuant to a written plea agreement, two additional charges against Carney were dismissed. The plea agreement also provided that Carney could withdraw his guilty plea if his wife's plea agreement was rejected by the court.

At a sentencing hearing held on March 31, 1989, Carney inquired as to whether his wife's plea agreement had been accepted. After his attorney responded affirmatively, Carney indicated that he was not guilty of dealing in cocaine and had been "blackmailed" into pleading guilty to that charge. Record, p. 249. Carney's counsel requested a brief recess in order to confer with his client.

When the proceedings resumed, Carney indicated that he was guilty of each of the three charges against him. The court accepted Carney's plea of guilty and imposed a thirty year sentence of imprisonment for the offense of dealing in cocaine, a two year sentence for the offense of conspiracy to sell hashish and a two year sentence for the offense of maintaining a common nuisance.

Carney filed a Motion for Post Conviction Relief on April 5, 1990. At a hearing held June 15, 1990, Carney testified that his sole challenge was to his conviction for dealing in cocaine. Record, p. 345. On September 12, 1990, Carney's petition for post conviction relief was denied. This appeal ensued.

## I.

### *Protestation of Innocence*

Carney initially argues that the post conviction court erred in failing to set aside his guilty plea because he "maintained his innocence throughout the proceedings" [Brief of Appellant, p. 6]. He relies upon *Ross v. State* (1983), Ind., 456 N.E.2d 420, wherein our supreme court held that a guilty plea may not be accepted where a defendant simultaneously pleads guilty and maintains his innocence.

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

■ The post-conviction court entered findings of fact and conclusions of law which provide in pertinent part:

"19.  At the guilty plea hearing, in the presentence investigation report and at sentencing defendant admitted guilt and substantiated the factual basis for such guilt.

20.  Defendant appeared to be attempting to manipulate the system by equivocating his guilt but when faced with the choice of admitting or denying guilt he admitted such each time."

Record, p. 155.

The findings of the post-conviction court are supported by the record. At his guilty plea hearing, Carney submitted his guilty plea without any protestation of innocence. He indicated that he gave hashish to his brother-in-law with knowledge that it was

---

**2.**  IND.CODE 35–48–4–1.

**3.**  IND.CODE 35–41–5–2; IND.CODE 35–48–4–10.

**4.**  IND.CODE 35–48–4–13.

to be provided to others. Record, pp. 239–240. Carney additionally stated that his home was used for delivering controlled substances and that he knowingly delivered cocaine of three grams or more to another person. Record, pp. 241–43.

At Carney's sentencing hearing, the following exchange took place:

CARNEY: I want hers accepted, that all I—

DEETS: He just accepted.

CARNEY: O.K., hers is accepted?

DEETS: Yes.

COURT: The proceeding in Cause no. 027, . . .

CARNEY: But I'm turning down the cocaine charge, I am, cause I didn't do it.

DEETS: He did not inform me of that till right now. I don't know how you want to proceed.

CARNEY: I feel like Mr. Evans has blackmailed me, he would not have took her if I did not agree to this.

DEETS: Now, let me tell you they have not sentenced her yet.

CARNEY: Already accepted.

DEETS: Well, he said he was going to accept it, but they haven't entered it of record. They are going to withdraw—

CARNEY: Well, that's what happened. I was being blackmailed by him or they wouldn't have gave her this plea bargain.

DEETS: Well, they are going to withdraw her plea right now, too.

Record, pp. 247–49.

A brief recess was permitted. When the proceedings resumed, Carney admitted to each of the allegations against him. Record, pp. 254–55. Carney's guilty plea was not accepted under the circumstances prohibited in *Ross, supra*, holding that a defendant may not be allowed to plead guilty but also maintain his innocence. *Id.* at 423. As noted by the post conviction court, when confronted with a choice, Carney stated unequivocally that he was guilty.

## II.

### *Coercion*

■ Carney next alleges that his guilty plea was not entered voluntarily, but was the product of prosecutorial coercion.

At Carney's guilty plea hearing, Carney was advised in accordance with IND. CODE 35–35–1–2 and the terms of the proferred plea agreement were read in open court. The court then inquired as to the voluntariness of Carney's plea:

COURT: Is that your understanding of the Plea Agreement?

CARNEY: Yeah.

COURT: O.K., you seem to question some part of it.

CARNEY: I want to make sure my wife got her Plea Agreement.

DEETS: That was read to you.

CARNEY: O.K.

COURT: O.K., Mr. Deets, have I correctly stated the terms of the Plea Agreement?

DEETS: You have, Your Honor.

COURT: Mr. Evans.

EVANS: That's correct, Judge.

COURT: Mr. Carney, other than the terms of this Plea Agreement have you or anyone else been forced, threatened or placed in fear to get you to plead guilty to these charges?

CARNEY: No.

COURT: Are your pleas of guilty your own free and voluntary act?

CARNEY: Yes.

Record, pp. 233–35.

The record clearly indicates that Carney assured the guilty plea court that he acted voluntarily. Now, however, he argues that his plea was involuntary, in that he had no choice but to protect his wife.

In *Rogers v. State* (1982), Ind., 437 N.E.2d 957, murder charges had been filed against Rogers and his live-in companion. The prosecution insisted that a plea agreement would be accepted only if both pled guilty; otherwise, each would be tried on charges of murder. Upon information that his companion intended to kill herself if sentenced to long-term imprisonment, Rog-

ers pled guilty to murder. The companion was permitted to plead guilty to a lesser crime. On appeal from the denial of Rogers' petition for post-conviction relief, our supreme court considered whether Rogers' plea was the product of unlawful coercion:

"Appellant's argument is that he would not have chosen to plead guilty were it not for the fact that the State charged his friend with murder, and insisted thereafter on a joint trial. In *Brady v. United States*, (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747, the United States Supreme Court held to the opinion that proof that the election to plead guilty would not have been made 'but for' an actual or threatened exercise of prosecutorial discretion adverse to the interest of the accused can never alone be sufficient to show involuntariness. Sufficient evidence of involuntariness must include proof that the choice was not made to take advantage of an offer of leniency or benefit tendered by the prosecution. Here, there is no such proof, and it is evident that in consideration of appellant's agreement to plead guilty the prosecution recommended he be sentenced to forty-five years, fifteen years less than he would have been realistically exposed to upon conviction following a trial. We concur with the conclusion of the trial judge that appellant failed to satisfy his burden of proof in attempting to demonstrate that his guilty plea was involuntary."

*Id.* 958–59.

Like Rogers, Carney was offered a benefit independent of that which accrued to a co-defendant. As part of Carney's plea agreement, two charges against him were dismissed. Record, p. 65. Considering all the circumstances under which Carney's guilty plea was tendered, we do not conclude that his free will was overcome by improper coercion.

### III.

### *Factual Basis*

Finally, Carney alleges that his guilty plea was unsupported by a sufficient factual basis. He contends that the State would be unable to prove his guilt at a trial.

▪ An adequate factual basis for the acceptance of a guilty plea may be established by the State's presentation of evidence on the elements of the charged offenses, *Gibson v. State* (1986), Ind., 490 N.E.2d 297, 298, *reh. denied*, or by the sworn testimony of a defendant regarding the events underlying the charges, *Snowe v. State* (1989), Ind.App., 533 N.E.2d 613, 617. A proper factual basis may also be established (1) where a defendant admits the truth of the allegations contained in an information read in open court or (2) where a defendant indicates that he understands the nature of the crimes charged and that his guilty plea constitutes an admission of the charges. *Silvers v. State* (1986), Ind., 499 N.E.2d 249, 253.

▪ At his guilty plea hearing, Carney testified under oath that he handed Lisa Millikan three grams of cocaine in exchange for $350.00 (Record, p. 238), that he gave hashish to Mark Sherman with knowledge that it was to be delivered to other individuals (Record, pp. 239–40) and that he maintained a residence wherein sales of cocaine, hashish and marijuana were made with his knowledge (Record, pp. 240–42). The trial court read each of the charging informations to Carney, who indicated that he understood the allegations against him and wished to plead guilty.

Carney's guilty plea was supported by a sufficient factual basis.

Affirmed.

BAKER and SHIELDS, JJ., concur.