FILED
COURT OF APPEALS
DIVISION II

2015 JUN 23 AM 8: 32

STATE OF WASHINGTON

BY_____
              DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the<br>Personal Restraint Petition of<br><br>JOHN MICHAEL TROIT,<br><br>                  Petitioner. | No. 46090-4-II<br><br><br><br>UNPUBLISHED OPINION |

LEE, J. — John Michael Troit seeks relief from personal restraint imposed following his conviction of unlawful possession of a controlled substance (methamphetamine) with intent to deliver. Troit contends that he received ineffective assistance of counsel when his trial attorney failed to accurately convey a plea offer that would have allowed him to plead guilty to a simple possession charge. Troit received a sentence of 100 months, which was well beyond any standard range sentence he would have received had he pleaded guilty to possession only.[1] Because defense counsel did not convey the State's offer in a timely and accurate manner, we agree that Troit received ineffective assistance. Therefore, we grant this petition, remand this matter, and direct the State to again offer him a chance to plead guilty to unlawful possession.

_____

[1] Troit's standard range for a possession conviction would have been 12+ to 24 months, while his standard range on the possession with intent to deliver conviction was 60+ to 120 months. RCW 9.94A.517, .518.

No. 46090-4-II

Troit raised this issue on direct appeal, and we recognized that the transcript of the sentencing hearing showed some disagreement about the specifics of the State's plea offer. *State v. Troit*, noted at 171 Wn. App. 1015, 2012 WL 5349380, at *3 (2012), *review denied*, 176 Wn.2d 1028 (2013). During that hearing, defense counsel asserted that the State had offered to recommend a sentence within the range for possession of a controlled substance while maintaining the original charge of possession with intent to deliver. Counsel said that he told Troit that the recommended sentence was not compatible with his offense. The prosecuting attorney responded that the State had offered to amend the charge to possession of a controlled substance, which would have allowed Troit to take advantage of the considerably reduced sentence range. *Troit*, 2012 WL 5349380, at *2-3. On appeal, we observed that these facts were insufficient to show that defense counsel misstated the plea offer to Troit, but we noted that Troit could submit additional evidence in a personal restraint petition and seek a reference hearing. *Troit*, 2012 WL 5349380, at *3.

Troit responded by filing a timely personal restraint petition and a copy of the State's written plea offer. The document appeared to support the prosecuting attorney's description of the offer during sentencing, but it was not without ambiguity and did not answer questions concerning how and when defense counsel communicated its terms to Troit.

We transferred this petition to the superior court for a reference hearing to determine the terms of the State's plea offer and whether those terms were communicated to Troit in a timely manner. RAP 16.12. Following that hearing, the superior court entered written findings of fact, two of which described the State's offer:

2

2. The state's written plea offer in this case stated, at the top of the document, that the defendant was charged [with] Unlawful Possession of a Controlled Substance--Methamphetamine--with Intent to Deliver. Just below that, however, the written plea offer states that the charge is "UPCS-meth" with a standard range of "12+ to 24 months," based on a noted offender score of 7. . . . That is the amount of time for a standard range sentence for a charge of Unlawful Possession of a Controlled Substance--Methamphetamine, for a defendant with an offender score of 7.

3. The written plea offer also states that "if the defendant pleads by 12/20: Plead to as charged; Recommendation: 12+ months." The written plea offer includes increasing recommended sentences if defendant accepts the plea offer at later dates, up to 18 months, "if the defendant pleads after 1/13." The written plea offer is dated "29 Nov 10," and signed by [the assigned prosecutor].

Findings of Fact Following Reference Hr'g, at 2. The offer also contained the prosecutor's handwritten notation that, regarding the offer of 12+ months, she "will honor if he takes by Wed, 12/22 @ 10:30." Findings of Fact, at 2.

At Troit's arraignment on November 30, 2010, an attorney from the Office of Assigned Counsel tendered a not guilty plea on Troit's behalf and named the attorney who would be assigned to Troit. During the arraignment, the prosecutor stated that she had "already handed defense counsel a copy of the state's offer, statement of criminal history and offender score worksheet." Findings of Fact, at 2.

Troit's pretrial/omnibus hearing was scheduled for 10:30 AM on December 20, 2010. He did not appear at that hearing, and it was continued to December 22 at 10:30 AM. On December 20, the original date for the hearing, defense counsel and the prosecutor met to discuss the State's written offer, which the prosecutor then realized "was not as she normally would have made in a case charging Unlawful Possession of a Controlled Substance with Intent to Deliver, to defendant with Mr. Troit's offender score." Findings of Fact, at 3. The prosecutor agreed to keep the offer open as written for two days, or until December 22 at 10:30 AM, the date and time

3

to which the pretrial/omnibus hearing was continued. Troit did not attend the omnibus hearing on December 22.

While Troit was in custody, he sent defense counsel and defense counsel's supervisor a total of five "kites" complaining of counsel's lack of contact and lack of work on his case.[2] Findings of Fact, at 3. The earliest kite, dated December 20, 2010, stated in part that it has "been over 40 days and I have not yet heard from my attorney." Findings of Fact, at 3.

Troit testified at the reference hearing that his attorney eventually informed him that the State's offer was to "plead as charged" and that at sentencing the attorneys would ask for an exceptional sentence downward. Findings of Fact, at 3. Troit also testified that he told his attorney that he wanted to think about the offer. Troit added that he never saw the State's written offer until he received it through public records requests filed with the prosecutor's office and the Office of Assigned Counsel.

Troit testified at his sentencing hearing that his attorney relayed a plea offer to him during their first visit, and he testified at the reference hearing that this visit did not take place until 40 days after his arrest. Troit's kites referred to this lack of attorney contact and this length of time.

During his allocution at the time of sentencing, Troit stated that he asked his attorney about the deal during his second visit, which was the day before trial. Troit told the sentencing judge that his attorney stated that the offer he had communicated earlier was a mistake and that the only question was whether a lesser included charge would be given to the jury.

---

[2] In this context, a kite is a written note sent by inmates to various people out of custody, including their attorneys.

At the sentencing hearing, defense counsel attempted to clarify the plea offer. "The original offer was to plea as charged, but to accept a sentence within a range that was for simple possession, and so the offer, as I understood it, was to plea as charged, but the amount of time was not what—compatible with what he would have done, and that's what I told Mr. Troit." Findings of Fact, at 4. The prosecutor then stated, "[Defense counsel] came to me and said specifically, if I understand it right, you're offering him possession with a 12-plus to 24 month sentence instead of delivery, and I said yes, that is correct." Findings of Fact, at 4.

The court's final finding is as follows:

18.     Based on the above findings of fact, all of which are based on unrefuted testimony and exhibits, the undersigned finds that the offer as communicated to Mr. Troit by his attorney was to enter a plea "as charged", and that the attorneys would agree to recommend a "standard range" sentence of 12+months in custody. That standard range was not the correct standard range for a charge of Unlawful Possession of a Controlled Substance with Intent to Deliver--Methamphetamine, for an offender with Mr. Troit's offender score of 7. Mr. Troit's standard range for that charge was 60+ to 120 months in custody.

Findings of Fact, at 4. As stated, Troit was convicted of possession with intent to deliver and received a sentence of 100 months.

## ANALYSIS

To succeed on a claim of ineffective assistance of counsel, a petitioner must show that his counsel's performance was deficient and that the deficiency was prejudicial. *In re Pers. Restraint of Reise*, 146 Wn. App. 772, 787-88, 192 P.3d 949 (2008). In a plea bargaining context, effective assistance of counsel requires that counsel "'actually and substantially'" assist his client in deciding whether to plead guilty. *State v. Osborne*, 102 Wn.2d 87, 99, 684 P.2d 683 (1984) (quoting *State v. Cameron*, 30 Wn. App. 229, 232, 633 P.2d 901 (1981)). This includes

5

communicating actual offers and discussing tentative plea negotiations and the strengths and weaknesses of defendant's case so that the defendant knows what to expect and can make an informed judgment about whether or not to plead guilty. *State v. James*, 48 Wn. App. 353, 362, 739 P.2d 1161 (1987). As the *James* court added,

> "In conducting discussions with the prosecutor the lawyer should keep the accused advised of developments at all times and *all proposals made by the prosecutor should be communicated promptly to the accused.*"

48 Wn. App. at 363 (quoting *Lyles v. State*, 178 Ind. App. 398, 401, 382 N.E.2d 991 (1978)).

If a defendant's right to effective assistance of counsel in considering whether to accept a plea bargain is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in conviction on more serious charges or the imposition of a more severe sentence. *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398 (2012). If the offer was to a count less serious than the one for which the defendant was convicted, a resentencing based on the conviction at trial may not suffice. *Lafler*, 132 S. Ct. at 1389. Instead,

> the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal. Once this has occurred, the judge can then exercise discretion in deciding whether to vacate the conviction from trial and accept the plea or leave the conviction undisturbed.

*Lafler*, 132 S. Ct. at 1389; *see also State v. Hamilton*, 179 Wn. App. 870, 879, 320 P.3d 142 (2014) (remedy for lawyer's ineffective assistance is to put defendant in position in which he would have been had counsel been effective).

It is unclear exactly when defense counsel conveyed the State's plea offer to Troit. Counsel had that offer by November 30 at the latest, and at best he communicated that offer to Troit sometime around December 22, the day that the original offer expired. What is clear, however, is that defense counsel did not accurately convey the plea offer to Troit. Counsel told

6

No. 46090-4-II

Troit that the State was offering to allow him to plead to "as charged" with the recommendation of a "standard range" sentence of 12+ months in custody. That sentence range was not the correct standard range for unlawful possession with intent to deliver. Moreover, we agree with Troit that it makes little sense that the State's offer would be a guilty plea to the offense charged, with the only possible relief being a recommended sentence well below the correct standard range of 60+ to 120 months.

The prejudice from counsel's failure to promptly and accurately convey the plea offer to Troit is evident. The loss of this plea opportunity led to Troit's conviction on a more serious charge and a sentence of 100 months in prison. We grant this petition and remand for the State to reoffer the plea proposal. The trial court may then exercise its discretion to vacate the conviction and accept the plea or leave the current conviction undisturbed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

LEE, J.

We concur:

WORSWICK, P.J.

MELNICK, J.

7