**Austin MITCHELL, Appellant**
**(Defendant below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff below).**

No. 682S232.

Supreme Court of Indiana.

Oct. 5, 1983.

John Hovanec, Gary, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Palmer K. Ward, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Austin Mitchell, was convicted by a jury of murder, Ind.Code § 35–42–1–1(2) (Burns 1979 Repl.), and was sentenced to the Indiana Department of Correction for a term of fifty years. He raises the following three issues in this direct appeal:

1. Whether the trial court erred in admitting into evidence defendant's inculpatory statement;

2. Whether the trial court erred in refusing to give two of defendant's tendered instructions; and

3. Whether the trial court erred in not declaring a mistrial when it was discovered during the trial that a juror and a witness for the state were related.

A brief summary of the facts from the record most favorable to the state shows that on December 28, 1978, several friends met at defendant's home and said they were going to do some "stickups." The group drove around and eventually stopped at Truly Vaughn's house to get water for their car. As they were leaving the house, Vaughn said somebody had stolen his shotgun and when someone in the group said they wouldn't give the gun back, Vaughn said he would call the police. Vaughn then pointed a gun at them and defendant started shooting at Vaughn. Another person in the group also shot at Vaughn, but Vaughn was able to get up and defendant hit him with a broom. Vaughn dropped his gun and fell on a couch; then defendant picked up Vaughn's gun, took Vaughn's car keys, and left in Vaughn's car.

## I.

Defendant first contends that the trial court erred in admitting into evidence his inculpatory statement which was given to the police on January 4, 1979. Defendant was arrested by the police on an unrelated charge on December 30, and was taken into custody at that time. He made four statements to the police over a period of six days concerning the instant crime but the first two statements were untrue. Then on January 3, 1979, he was told that his fingerprints were found in the victim's car and that since the case involved a murder it carried the possibility of the death penalty. Defendant gave a third statement at that time indicating he was present when the murder occurred but that one of his companions had killed Vaughn. The record shows that defendant was advised of his constitutional rights and signed a waiver of rights form prior to giving each of these statements.

The next day, January 4, 1979, the police obtained a confession from one of defendant's companions indicating that defendant was the one who shot Vaughn. They told defendant that two of his companions had been picked up and were trying to pin the murder on him. Defendant then said he wanted to tell them what happened and signed another waiver of rights form before giving his confession. Defendant himself testified that he gave the statement freely and voluntarily.

■ As a court of review, we review the question of the admissibility of a confession as we do other sufficiency matters. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. This is true even though conflicting evidence is presented on the issue of voluntariness. *Long v. State,* (1981) Ind., 422 N.E.2d 284; *Battle v. State,* (1981) Ind., 415 N.E.2d 39; *Arch v. State,* (1978) 269 Ind. 450, 381 N.E.2d 465. It is well settled that it is the state's burden to prove, beyond a reasonable doubt, that the defendant voluntarily and intelligently waived his rights, and that the confession was voluntarily given. In considering whether such burden was satisfied we look at the totality of the circumstances, to determine whether there had been any inducement by way of violence, threats, promises, or other improper influence. *Grassmyer v. State,* (1981) Ind., 429 N.E.2d 248; *Owens v. State,* (1981) Ind., 427 N.E.2d 880; *Ortiz v. State,* (1976) 265 Ind. 549, 356 N.E.2d 1188.

■ Defendant first contends that because he was only eighteen years old at the time he gave the confession and had only a ninth grade education, he should have been permitted to consult with his parents before any statements were taken. We have previously decided this issue contrary to defendant's position in *Banks v. State,* (1976) 265 Ind. 71, 351 N.E.2d 4. There we found that the eighteen-year-old appellant was not a juvenile within the contemplation of our cases and statutes that provide that a juvenile is entitled to an opportunity to consult with his parent, guardian, or attorney before making a decision to waive his rights. We said:

"The Appellant, however, was eighteen years old. He was not a 'delinquent child' subject to the jurisdiction of our juvenile courts.... He was not an individual of such 'tender years' that an intel-

ligent, knowing and voluntary waiver of rights could not be made in the absence of his parents."

*Id.* 265 Ind. at 77, 351 N.E.2d at 8–9. There is no evidence here that defendant did not have the sufficient intellectual ability to make the decision to waive his rights in the same manner as any other adult.

■ Defendant also contends that he was induced to give his confession in exchange for a promise that the death penalty would not be filed in his case. The record does not support this contention, however, as the police officers testified that they did not promise anything to defendant or threaten him in any way but only explained to him that the death penalty was a possible penalty under the facts of this case. The record also shows that defendant stated that he wanted to tell what happened and he admitted that he gave his statement freely and voluntarily.

■ In this case, there is no evidence of lengthy interrogations nor of any physical abuse or coercive action by the police which would have misled defendant or overborne his will in regard to his voluntary statements. The evidence shows that defendant was an adult and was well aware of his rights and that he knowingly waived these rights. There was substantial evidence to support the trial court's findings of the voluntariness of defendant's statements and they were properly admitted.

## II.

Defendant next contends that the trial court erred in refusing two of his tendered instructions. He argues that these instructions which covered the statutory definitions of robbery and burglary were not covered by any other instructions and were necessary to support his theory of shooting the victim in self-defense. While it is true that the victim pointed a gun at defendant and his companions, the evidence also shows that defendant was outside the victim's house at that time and presumably could have escaped without shooting at the victim. Furthermore, the evidence shows that defendant and his companions entered the

house after the victim had been shot and used a second weapon to shoot the victim again.

■ The trial court gave two instructions covering the theory of self-defense and two instructions covering the elements of robbery and burglary. Furthermore, this Court has consistently held that all participants in a robbery which results in a killing by one of the robbers are deemed equally guilty of the murder, regardless of which participant actually killed the victim. *Abrams v. State,* (1980) Ind., 403 N.E.2d 345; *Rogers v. State,* (1974) 262 Ind. 315, 315 N.E.2d 707. In the instant case, there was a robbery which resulted in a murder and there was substantial evidence of defendant's participation in the robbery. There was no error in refusing defendant's instructions.

## III.

■ Defendant finally alleges that the trial court erred in not declaring a mistrial when it was discovered during the trial that a juror and a witness for the state were related. This alleged error was not set out in defendant's motion to correct errors, however, and has therefore been waived. Ind.R.Tr.P. 59; *Thomas v. State,* (1981) Ind., 428 N.E.2d 231; *Morris v. State,* (1979) 270 Ind. 245, 384 N.E.2d 1022; *Stacker v. State,* (1976) 264 Ind. 692, 348 N.E.2d 648. Furthermore, we do not find that defendant has shown how he was prejudiced. The witness, Ron Forbes, was the booking officer who took defendant's fingerprints when he was arrested, but stated that he had no other connection with the case. There is nothing in the record to show how the witness was related to the juror. The record shows that both parties agreed that the voir dire examination of the jurors was not to be recorded, so there is nothing to show whether the juror was challenged for cause or whether defendant had exhausted all of his challenges. Defendant has not shown how he was prejudiced and the error, if any, is not disclosed by the record and will not be reviewed. Error alleged but not disclosed

by the record is not a proper subject for review. *Carpenter v. State,* (1978) 270 Ind. 96, 383 N.E.2d 815; *Mendez v. State,* (1977) 267 Ind. 309, 370 N.E.2d 323; *Cooper v. State,* (1972) 259 Ind. 107, 284 N.E.2d 799.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., concurs in result.