Perry **BORKHOLDER,**
**Defendant–Appellant,**

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 50A03–8901–CR–15.

Court of Appeals of Indiana,
Third District.

Oct. 12, 1989.

Charles H. Scruggs, Kokomo, for defendant-appellant.

Linley E. Pearson, Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

Perry M. Borkholder appeals the verdict of the Marshall County Superior Court convicting him of eight counts of child molesting as a Class B felony and one count of child molesting as a Class C felony. He was sentenced to ten years on each of the Class B counts and to five years on the Class C count, all sentences to run concurrently.

Borkholder presents three issues on appeal, which we restate as follows:

1. Whether the trial court erroneously admitted Borkholder's confession into evidence because the confession either was not freely and voluntarily given or was the product of an illegal arrest.

2. Whether the trial court erroneously admitted into evidence the victim's tape-recorded pre-trial statement as part of the state's case-in-chief after she had already testified on direct examination.

3. Whether the trial court erred in not granting Borkholder's motion for judgment on the evidence at the conclusion of the state's case.

We affirm.

### Facts

The victim was born March 6, 1975 and is Borkholder's daughter. After Borkholder's divorce in 1983, the victim would spend alternating weekends with Borkholder at his apartment in Bourbon in Marshall County.

Authorities first became aware that Borkholder had molested her in October 1987 when the victim told a school counselor. The welfare department notified Detective Charles Criswell of the Marshall County Sheriff's Department. Detective Criswell and a social worker from the welfare department visited the victim at her mother's home and tape recorded her statement.

In her statement the victim told Criswell that on each weekend of the visitation, Borkholder would remove her clothes, place her on the sink in the bathroom and place his penis in her vagina in such a way that it caused her pain. Borkholder would then discharge his semen into the toilet. She also said Borkholder had fondled her and related how her step-sister had said she had also been fondled by Borkholder.

The next day Criswell, without first obtaining a warrant, drove to Borkholder's place of employment in Nappanee, Indiana and arrested him. Criswell read Borkholder his rights and drove him to the jail in Plymouth, Indiana. Along the way, he advised Borkholder of the victim's allegations. At the jail, Detective Criswell obtained Borkholder's signature on the written waiver of rights form and tape recorded his statement. In his statement, Borkholder confessed to taking the victim into the bathroom, placing her on the sink, putting his penis on her vagina and masturbating. He said he discharged his semen into the toilet. He also admitted that he sometimes could have caused her pain.

At trial, the court admitted both taped recordings into evidence over Borkholder's objections and played them to the jury. At the end of the state's case-in-chief, Bork-

holder moved for a directed verdict (judgment on the evidence); the trial court denied his motion.

## I.

### A. Voluntariness of the confession.

Borkholder contends that his confession was inadmissible because it was obtained in violation of his fifth amendment rights. He supports his contention with testimony elicited from prosecution witness Detective Criswell during direct examination. The testimony was that Criswell had arrested Borkholder at his place of employment in Nappanee, Indiana, had read Borkholder his *Miranda* rights, and was in the process of driving him to the police station in Plymouth, Indiana. On the way, Criswell told Borkholder the reason for his arrest. The prosecution asked Criswell if Borkholder gave him any indication that he would be willing to talk about it, to which Criswell replied, "Well, he just—was that he wouldn't be willing to talk to me about it, but, ah—."

▮▮▮ Borkholder contends that at this point he invoked his right to silence and cites *Phillips v. State* (1986), Ind., 492 N.E.2d 10, for the proposition that he could be subjected to further interrogation only when he himself initiated dialogue with police or made a knowing and intelligent waiver of the right he had previously invoked. We note at the outset that the Indiana Supreme Court expressly repudiated this dictum from *Phillips v. State. Moore v. State* (1986), Ind., 498 N.E.2d 1, 10. Complete and indefinite cessation of questioning is required only when the accused invokes his right to counsel. When the accused invokes his right to silence, the police must "scrupulously honor" his right to cut off questioning. *Michigan v. Mosley* (1975), 423 U.S. 96, 103, 96 S.Ct. 321, 326, 46 L.Ed.2d 313, 321; *Moore v. State, supra.* The police must cease questioning immediately and may resume questioning only after the passage of a significant amount of time and after giving a fresh set of *Miranda* warnings. *Michigan v. Mosley, supra,* 423 U.S. at 106, 96 S.Ct. at 327,

46 L.Ed.2d at 322; *Vujosevic v. Rafferty* (3rd Cir.1988), 844 F.2d 1023, 1029.

The trial court denied Borkholder's motion to suppress. Borkholder, represented by counsel, sought to suppress the confession because it was the fruit of an illegal arrest (a contention we address *infra*) and because it was involuntary due to Borkholder's inability to read and write and the stress he was undergoing because of his wife's surgery. That the confession was obtained in violation of Borkholder's right to remain silent was not raised in the motion to suppress. Similarly, Borkholder objected to the admission of the taped confession at trial for the same reasons. He again did not object on the ground that Borkholder's right to silence had not been scrupulously honored. After Borkholder's objection was overruled, Criswell testified as to Borkholder's unwillingness to talk. Borkholder did not renew his objection or state any new grounds for objecting. The court then admitted the taped confession into evidence, saved Borkholder's objection, and played the taped recording for the jury.

▮▮▮ Errors asserting the improper introduction of evidence at trial must have been raised at trial to be considered on appeal. This rule applies even to constitutional errors. *Bennett v. State* (1976), 168 Ind.App. 680, 681, 345 N.E.2d 254, 255. While Borkholder objected to the admission of the taped confession, he did not point out to the court the alleged error in obtaining his confession after he had invoked his right to silence. Therefore, he did not raise this error at trial and raises it for the first time on appeal. *Cf. Bruce v. State* (1978), 268 Ind. 180, 215, 375 N.E.2d 1042, 1061, *cert. denied* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. We will not consider errors raised on appeal for the first time unless they constitute fundamental error. Fundamental error is error that seriously affects the fairness, integrity or public reputation of judicial proceedings. *Winston v. State* (1975), 165 Ind.App. 369, 375, 332 N.E.2d 229, 233. Erroneous admission of evidence without objection is not ordinarily the type of error to which the doctrine of

fundamental error applies. *Bruce v. State, supra* 268 Ind. at 215, 375 N.E.2d at 1062; *Winston v. State, supra,* 165 Ind.App. at 374, 332 N.E.2d at 232. *See also U.S. v. Taylor* (7th Cir.1967), 374 F.2d 753, 756; *U.S. v. Childress* (7th Cir.1965), 347 F.2d 448, 451, *cert. denied* 384 U.S. 1012, 86 S.Ct. 1936, 16 L.Ed.2d 1030. We hold that the alleged erroneous admission of the taped confession was not fundamental error and therefore do not consider whether Borkholder's right to cut off questioning was scrupulously honored.

Borkholder also contends that he was coerced into making a confession, and with respect to these alleged errors, he properly objected at trial. Three conditions invalidate his confession, according to Borkholder. First, he cannot read or write and therefore was unable to understand the waiver of rights form that he signed before he confessed. First, we note that Detective Criswell testified that he read and explained the *Miranda* warnings to Borkholder, and Borkholder's testimony corroborates that testimony. Second, in reviewing the question of the admissibility of a confession, we determine whether there was substantial evidence of probative value to support the trial court's finding, regardless of conflicting evidence. *Mitchell v. State* (1983), Ind., 454 N.E.2d 395, 397. Borkholder is an adult, who at the time of his confession had a full-time job and who signed the waiver of rights form after it had been read and explained to him. There is evidence that he had sufficient intellectual ability to make the decision to waive his rights. *Mitchell, supra,* at 398.

Next Borkholder alleges that he was under stress from the fact that his wife had been hospitalized, and that this impaired his ability to appreciate the consequences of his arrest and waiver. When the evidence indicates that the accused was coherent and in control of his faculties at the time of his waiver and statement, then his decision to waive his rights and confess was freely chosen. *Brown v. State* (1985), Ind., 485 N.E.2d 108, 113. There is no evidence that Borkholder was incoherent or distraught.

Finally, Borkholder contends that his confession was induced by Detective Criswell's speech on the way to the station, that if he told the truth, all would be better for him in the long run. This type of speech by a police officer can amount to interrogation. When the accused has invoked his right to counsel or his right to silence, confessions obtained after this type of speech may be deemed coerced. *Brewer v. Williams* (1977), 430 U.S. 387, 401, 97 S.Ct. 1232, 1240, 51 L.Ed.2d 424, 438. Because we do not review the issue of whether Detective Criswell scrupulously honored Borkholder's right to silence, we also do not reach the issue of whether Criswell's truth speech amounted to coercive interrogation.

We find that the trial court did not err in admitting Borkholder's taped confession into evidence.

## B. Legality of warrantless arrest.

Borkholder alleges that his arrest was illegal and that his confession should be suppressed as the fruit of that arrest. A police officer may arrest a person without a warrant when he has probable cause to believe the person has committed a felony. IC 35–33–1–1(a)(2). *See U.S. v. Watson* (1976), 423 U.S. 411, 423–24, 96 S.Ct. 820, 827–28, 46 L.Ed.2d 598, 609. (Daytime arrest without warrant and absent exigent circumstances was held valid when authorized by statute.) Borkholder contends that Detective Criswell lacked probable cause to arrest him because his only evidence was the victim's statement that he had molested her. He contends that Criswell should have further investigated to corroborate her statement in order to have probable cause to arrest him.

All that is necessary to establish probable cause are facts and circumstances "which would warrant a [person] of reasonable caution to believe the [accused] has committed the criminal act in question." *Gentry v. State* (1984), Ind., 471 N.E.2d 263, 267. The uncorroborated testimony of a crime victim may furnish probable cause for the issuance of an arrest

warrant. *Layne v. State* (1975), 164 Ind. App. 486, 489, 329 N.E.2d 612, 615. The description of the perpetrator by the victim has also been held sufficient to establish probable cause for a warrantless arrest. *Gentry v. State, supra; Layne v. State, supra,* 164 Ind.App. at 489, 329 N.E.2d at 616; *Kindred v. State* (1974), 160 Ind.App. 418, 423, 312 N.E.2d 100, 102. *See also Holguin v. State* (1971), 256 Ind. 371, 376, 269 N.E.2d 159, 161–62. We also note that a conviction may be based on the sole uncorroborated testimony of a minor victim. *Pearson v. State* (1985), Ind., 486 N.E.2d 540, 541; *Smith v. State* (1982), Ind., 432 N.E.2d 1363, 1373. The victim's testimony, that described how, on several occasions during a three-year period, Borkholder molested her, was sufficiently detailed to give a reasonable person probable cause to believe that Borkholder had committed a felony. This arrest was legal, and the confession need not be suppressed.

## II.

■ At trial the court admitted a taped recording of the victim's statement to Detective Criswell and played it to the jury. Borkholder contends this was error because it was not offered to impeach the victim and it contained a hearsay statement by the victim's step-sister. Impeachment of a witness is not a prerequisite for the admission of out-of-court statements by a witness. *Carter v. State* (1984), Ind., 467 N.E.2d 694, 698. The rule of *Patterson v. State* (1975), 263 Ind. 55, 324 N.E.2d 482 allows the substantive use of prior statements which are consistent with the witness's trial testimony. *Stone v. State* (1989), Ind.App., 536 N.E.2d 534, 537. The victim's tape-recorded statement is in essential respects consistent with her trial testimony; although details vary, she describes Borkholder's allegedly molesting her. It remains to be decided whether her statement met the foundational requirements of *Patterson.*

■ The *Patterson* rule contemplates two foundational requirements: (1) that the declarant be confronted with, acknowledge, or disavow the prior statement, and (2) the declarant be cross-examined regarding the prior statement. *Stone v. State, supra* at 537; *Ruel v. State* (1986), Ind.App., 500 N.E.2d 1274, 1277; *Jackson v. State* (1985), Ind.App., 485 N.E.2d 144, 148. The victim acknowledged making her statement to Detective Criswell on direct examination, and on cross examination, counsel for Borkholder referred the victim to her statement and asked her about statements that she made. We hold that the foundational requirements of *Patterson* were met as to the victim's statements in her tape-recorded statement to Detective Criswell.

■ The problem with the victim's statement is that it also contains a hearsay statement to which the foundational requirements of the *Patterson* rule must also be applied. The victim recounted that her stepsister had told her that Borkholder had fondled her (stepsister). At trial the stepsister denied that she had ever been molested by Borkholder or that she had ever told the victim that she had. The statement had, however, already been entered into evidence and played to the jury. When the declarant denies having made the statement, the statement is inadmissible as substantive evidence because it cannot be cross examined. *Watkins v. State* (1983), Ind., 446 N.E.2d 949, 960; *Jackson v. State, supra.* Hearsay is generally not admitted into evidence due to the danger of unreliability or the inefficacy of potential cross examination as well as the danger of its becoming a substitute for trial testimony. *Ruel v. State, supra* at 1277.

■ We have found that a trial court's deviation from the foundational requirement that the declarant be confronted with a prior statement was harmless error where the declarant was extensively cross examined regarding the sexual assaults that were the subject of his prior statement. *Ruel v. State, supra* at 1278. Here the confrontation requirement of *Patterson* has been met but the requirement of cross examination has not. The defense did, however, examine the stepsister. This examination served the same purpose as a cross examination; it cast doubt on the validity of the hearsay statement. The

stepsister's testimony that she had not been molested and had not told the victim that she had been molested exposed the statement's unreliability. While the better path for the court to have taken would have been to excise the stepsister's statement to the victim, the stepsister's testimony on direct examination sufficiently minimized the evils associated with the hearsay statement and we, therefore, find that it was harmless error.

### III.

Borkholder finally argues that the court erred in denying Borkholder's motion for judgment on the evidence. Absent the victim's *Patterson* statement, he contends, there is insufficient evidence to show prima facie that all the elements of IC 35–42–4–3(a), Class B Child Molesting,[1] had been met. Specifically, the evidence was insufficient to show penetration.

The record reveals that Borkholder moved for a judgment on the evidence at the close of the state's case-in-chief. His motion was denied, and Borkholder then presented evidence on his own behalf. Any error in denying his motion for judgment on the evidence is not now available for consideration. TR 50(A); *Anderson v. State* (1984), Ind., 469 N.E.2d 1166, 1168–

69, *cert. denied*, 469 U.S. 1226, 105 S.Ct. 1220, 84 L.Ed.2d 361.

Even if we were to consider the alleged error, we find that, absent the *Patterson* statements, testimony conflicted as to whether penetration occurred at all or just "a little way." Even slight penetration satisfies the element of penetration in child molesting. *Omans v. State* (1980), Ind.App., 412 N.E.2d 305, 306. Whether penetration, no matter how slight, occurred is a question of fact to be determined by the jury. Since there was evidence from which a jury could infer penetration, we would find no error in the denial of Borkholder's motion for judgment on the evidence.

### Conclusion

The verdict of the trial court is affirmed.

HOFFMAN and CONOVER, JJ., concur.

---

1. A person, who with a child under twelve (12) years of age, performs or submits to sexual intercourse ... commits child molesting, a Class B felony.