Clarence BLAND, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9809–CR–739.

Court of Appeals of Indiana.

March 22, 1999.

---

Shawn Ramsey, Anderson, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Randi E. Froug, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Clarence Bland appeals his convictions for operating a motor vehicle while intoxicated, a Class D felony;[1] operating while intoxicated, a Class C misdemeanor;[2] and operating a vehicle after a lifetime suspension, a Class C felony.[3] Bland raises one issue on appeal, which we restate as two:

I. Whether the trial court erred by accepting Bland's guilty plea.

II. Whether the trial court erred by denying Bland's motion to withdraw his guilty plea.

We affirm.

Bland pleaded guilty to the above charges pursuant to a plea agreement. The trial court accepted his plea. At his sentencing hearing, Bland made an oral motion to withdraw his guilty plea, which was denied by the trial court. This appeal ensued. Additional facts will be provided as necessary.

## I.

### *Acceptance of Guilty Plea*

Bland contends that the trial court should not have accepted his guilty plea because he also proclaimed his innocence with respect to operating a vehicle after a lifetime suspension. A judge may not accept a plea of guilty when the defendant both pleads

1. Ind.Code § 9–30–5–3 (1992).

2. Ind.Code § 9–30–5–1 (1992).

3. Ind.Code § 9–30–10–17 (1992).

guilty and maintains his innocence at the same time. *Ross v. State*, 456 N.E.2d 420, 423 (Ind.1983). To accept such a plea constitutes reversible error. *Id.* This rule applies only to defendants who plead guilty and maintain their innocence at the same time. This was not the case here. At his guilty plea hearing, Bland initially informed the court that he did not believe his license was suspended for life. The trial court informed Bland that he had a right to a trial and was under no obligation to plead guilty. The trial court also pointed out the State's evidence, BMV records, demonstrating the license suspension and ordered a recess so that Bland could examine the evidence. After the recess, the trial court fully apprised Bland of his rights. Bland pleaded guilty to all counts. After the State set forth the factual basis for the plea, Bland stated, "[my] license wasn't suspended for life in no court." Despite this comment, Bland admitted that the State's evidence showed that his license had been suspended for life in March 1982 and that notice of the suspension was mailed to his last known address. Bland did not plead guilty while simultaneously proclaiming his innocence; thus, the trial court did not err by accepting his guilty plea.

II.

### Withdrawal of Guilty Plea

At his sentencing hearing, Bland made an oral motion to withdraw his earlier guilty plea. The trial court denied the motion. Bland argues this was error. IND. CODE § 35–35–1–4(b) (1993) permits a defendant to file a motion to withdraw his guilty plea after its entry but prior to sentencing. *Coomer v. State*, 652 N.E.2d 60, 61 (Ind. 1995). A defendant who moves to withdraw a guilty plea under IC 35–35–1–4(b) must tender a written, verified motion that presents specific facts to support the withdrawal of the guilty plea. The trial court is required to grant a motion to withdraw a guilty plea only if the defendant proves that withdrawal of the plea is necessary to correct a manifest injustice. *Id.* at 62. Unless the defendant proves a manifest injustice by a preponderance of the evidence, the trial court has discretion to grant or deny the request. *Id.*

This Court will review the trial court's denial of a motion to withdraw a guilty plea only for an abuse of discretion. *Smith v. State*, 596 N.E.2d 257, 258 (Ind.Ct.App.1992). Bland's oral motion did not comply with the requirements of IC 35–35–1–4(b). Too, Bland failed to establish by a preponderance of the evidence that denial of his motion to withdraw his guilty plea would result in manifest injustice.

Affirmed.

RILEY, J., and BROOK, J., concur.