# FOR PUBLICATION



**FILED**

Jan 24 2012, 9:11 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JAY M. LEE**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**NICOLE M. SCHUSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JAMES R. JOHNSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 44A04-1105-PC-264 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAGRANGE CIRCUIT COURT
The Honorable J. Scott VanDerbeck, Judge
Cause No. 44C01-0703-PC-00001

**January 24, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

James R. Johnson appeals the post-conviction court's denial of his petition for post-conviction relief. Because the record shows that Johnson pled guilty to Class A felony child molesting at the same time he maintained his innocence, the trial court erred in accepting Johnson's guilty plea to the Class A felony. Accordingly, the post-conviction court erred in denying Johnson's petition for post-conviction relief. We therefore reverse and remand for further proceedings.

**Facts and Procedural History**

According to the probable cause affidavit in this case, on July 27, 1999, Johnson touched a ten-year-old girl's vagina with his tongue after enticing her into his trailer with promises of money and stuffed animals. *See Johnson v. State*, 845 N.E.2d 147, 149 (Ind. Ct. App. 2006), *reh'g denied*, *trans. denied*. The State charged Johnson with Class A felony child molesting. The charging information provides that Johnson, who was at least twenty-one years old, performed or submitted to deviate sexual conduct with a child under fourteen years of age by touching the child's vagina with his mouth/tongue. Appellant's App. p. 15[1]; Ind. Code § 35-42-4-3(a)(1). The State also alleged that Johnson was a habitual offender.

At some point Johnson decided to plead guilty to child molesting and admit to being a habitual offender. At Johnson's March 6, 2000, guilty plea hearing, Johnson said he was going to "plead straight up." Appellant's P-C App. p. 168. The trial court

---

[1] We refer to the trial transcript as "Tr.," the trial appendix as "Appellant's App.," the post-conviction transcript as "P-C Tr.," and the post-conviction appendix as "Appellant's P-C App."

acknowledged that there was no written plea agreement. The following colloquy then

occurred between the State and Johnson:

Q: Mr. Johnson were you in LaGrange County on September 26, 1999?
A: Yes.
Q: And on that occasion were you in the company of a child under the age of fourteen?
A: Yes.
Q: Ah, that is the child at [that] time was age ten with a date of birth of July 27, 1989.
A: I think.
Q: And how old were you on that date?
A: Ah, forty.
Q: Ah, while in the company of that child did you; are you now admitting that you performed a deviate, an act of deviate sexual conduct, that is ah, an act that involved the child's vagina and your ah, mouth or tongue?
*A: Ah, no I don't plead guilty to that, no. I touched her with my hand.*
Q: Mr. Johnson ah, have ah, you were served with a copy of the charges in this case, is that correct?
A: Yes.
Q: And ah, did you read those charges?
A: Yes.
Q: The information and the probable cause affidavit?
A: I think so.
Q: O.K. And ah, you've had an opportunity to discuss those with [defense counsel]?
A: Yes.
Q: Ah, do you feel that you understand the allegations contained in those documents?
A: Now, yes.
*Q: You understand that by pleading guilty you are admitting that the factual allegations contained in those documents are in fact true? That is that the child said that ah, ah, you, your tongue contacted her vagina.*
*A: Yes, but I didn't do that, no.*
*Q: You, you understand that that's what the child says?*
*A: Yes I understand what that is.*
*Q: You understand that by pleading guilty you're admitting that if called to testify that child would testify in that fashion?*
*A: Yes.*

Tr. p. 12-14 (emphases added). Johnson also admitted to the two felonies underlying his habitual offender charge. *Id.* at 14. The State then moved to admit the probable cause affidavit and charging information to support the guilty plea. *Id.* at 15-16. Defense counsel did not object. *Id.* at 16. The trial court found that Johnson, "after being advised of his rights, freely and voluntarily entered a plea of guilty to the charges alleged by the State of Indiana." Appellant's P-C App. p. 176. The court further found that the State "has lain a factual basis to accept the plea of guilty by the Defendant" and accordingly entered "a judgment of conviction for Child Molesting (Deviate Sexual Conduct) a **Class A felony**, and also f[ound] he is a Habitual Offender, as per IC 35-50-2-8." *Id.*

In April 2000, the trial court sentenced Johnson to thirty years for child molesting and a thirty-year enhancement for his habitual-offender status.

Approximately five months later, Johnson filed a petition for post-conviction relief. Several years later, the State Public Defender filed a motion to dismiss Johnson's petition without prejudice in order to pursue a belated appeal challenging his sentence. Johnson then pursued an appeal in this Court in which he challenged his thirty-year sentence for Class A felony child molesting. We affirmed the sentence. *Johnson*, 845 N.E.2d at 154.

After our decision, Johnson, pro se, resurrected his petition for post-conviction relief. The State Public Defender later amended Johnson's petition and made clear that the trial court erred in accepting Johnson's guilty plea because he "consistently maintained his innocence" to Class A felony child molesting. Appellant's P-C App. p. 139-40.

4

After a hearing on Johnson's petition, the post-conviction court denied it without any findings or conclusions. Johnson filed a motion to correct error and requested findings and conclusions. The post-conviction court denied Johnson's motion to correct error and incorporated its findings and conclusions nunc pro tunc. The post-conviction court concluded that "there was an adequate factual basis to support [Johnson's] guilty plea" and Johnson had "not maintained his innocence throughout this process." *Id.* at 381, 382. The court explained:

> At the change of plea hearing on March 6, 2000, his attorney informed the court that he would plead "straight up." Mr. Johnson stated that he was pleading voluntarily and that no one was threatening, tricking, or coercing him to do so. He answered affirmatively when the judge asked him whether he had read and understood the information and probable cause affidavit. He also told the court that he understood that the victim would testify at trial that his tongue contacted her vagina. He also openly admitted in court that his hand touched the victim's vagina. That admission standing alone could qualify as the class A felony under Indiana Code 35-42-4-3(a) or (b). Under these facts, the court, in denying Mr. Johnson's petition for post-conviction relief, can be assured that Mr. Johnson could have been convicted within the law of a Class A felony Child Molesting had he stood trial.

*Id.* at 382 (citations omitted).

Johnson now appeals the denial of his petition for post-conviction relief.

**Discussion and Decision**

Post-conviction proceedings provide defendants the opportunity to raise issues not known or available at the time of the original trial or direct appeal. *Stephenson v. State,* 864 N.E.2d 1022, 1028 (Ind. 2007), *reh'g denied.* "In post-conviction proceedings, the defendant bears the burden of proof by a preponderance of the evidence." *Id.* We review factual findings of a post-conviction court under a "clearly erroneous" standard but do

5

not defer to any legal conclusions. *Id.* We will not reweigh the evidence or judge the credibility of the witnesses and will examine only the probative evidence and reasonable inferences therefrom that support the decision of the post-conviction court. *Id.* Additionally, the post-conviction court here entered findings of fact and conclusions thereon, as required by Indiana Post-Conviction Rule 1(6). We cannot affirm the judgment on any legal basis, but rather must determine if the court's findings are sufficient to support the judgment. *Huddleston v. State*, 951 N.E.2d 277, 280 (Ind. Ct. App. 2011), *trans. denied*.

We first address two preliminary matters. Johnson points out that the post-conviction court made an error when it said the following:

> [Johnson] also openly admitted in court that his hand touched the victim's vagina. *That admission standing alone could qualify as the class A felony under Indiana Code 35-42-4-3(a) or (b).* Under these facts, the court, in denying Mr. Johnson's petition for post-conviction relief, can be assured that Mr. Johnson could have been convicted within the law of a Class A felony Child Molesting had he stood trial.

Appellant's P-C App. p. 382 (emphasis added). Johnson is correct. If Johnson used only his hand to touch the child's vagina, it would not qualify as deviate sexual conduct. *See* Ind. Code § 35-41-1-9. Rather, according to Indiana Code section 35-42-4-3(b), child molesting is a Class C felony, and not a Class A felony, if the defendant with a child under fourteen years of age "performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person."

Next, we note that the post-conviction court found that Johnson's petition was barred by the doctrine of laches. However, the State concedes on appeal that because it

6

did not plead and prove by a preponderance of the evidence that Johnson unreasonably delayed in seeking relief, the post-conviction court erroneously relied upon laches to support the denial of post-conviction relief. Appellee's Br. p. 14. Given the State's concession, we do not address laches. We now turn to the merits of this appeal.

Johnson contends that the trial court should not have accepted his guilty plea because he proclaimed his innocence to Class A felony child molesting. Nearly sixty years ago, the Indiana Supreme Court held that "a plea of guilty tendered by one who in the same breath protests his innocence, or declares he does not actually know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction." *Harshman v. State*, 232 Ind. 618, 621, 115 N.E.2d 501, 502 (1953). Accordingly, "a judge may not accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time. To accept such a plea constitutes reversible error." *Ross v. State*, 456 N.E.2d 420, 423 (Ind. 1983). "A defendant who says he did the crime and says he did not do the crime has in effect said nothing, at least nothing to warrant a judge in entering a conviction." *Carter v. State,* 739 N.E.2d 126, 128-29 (Ind. 2000).

Indiana jurisprudence has insisted that a factual basis must exist for a guilty plea and a judge may not accept a guilty plea while a defendant claims actual innocence. *Norris v. State*, 896 N.E.2d 1149, 1152 (Ind. 2008); *Ross*, 456 N.E.2d at 423. In order for the *Ross/Harshman* rule to apply, a defendant's protestation of innocence must occur at the same time as the defendant attempts to enter the plea and not at a later time or in a different proceeding. *Carter*, 739 N.E.2d at 129. "This rule was designed to both

increase the reliability of guilty pleas and prevent the diminishment of respect for the court system as jailing people who committed no crime." *Norris*, 896 N.E.2d at 1152.

Here, when the State asked Johnson during his guilty plea hearing if he admitted to touching the child's vagina with his mouth or tongue, which elevated the offense from a Class C to a Class A felony, he said, "[N]o I don't plead guilty to that, no. I touched her with my hand." Tr. p. 13. Then, when the State followed up by asking Johnson if he understood that by pleading guilty he was admitting that the child said that his tongue contacted her vagina, he said, "Yes, but I didn't do that, no." *Id.* at 14. While Johnson stated that if the child was called to testify, she would say that his tongue contacted her vagina, he did not admit to doing so. *Id.* Based on these exchanges, we find that Johnson has consistently maintained his innocence to Class A felony child molesting. Although Johnson admitted to Class C felony child molesting for touching the victim's vagina with his hand, *see* I.C. § 35-42-4-3(b), the trial court accepted Johnson's guilty plea and entered judgment of conviction for a Class A felony. This was error.

The State argues that because Johnson acknowledged that the victim would testify at trial that his tongue touched her vagina, there is a sufficient factual basis for the Class A felony. But the State's argument is based on a fundamental misunderstanding of protestation-of-innocence claims. That is, the *Ross/Harshman* rule is applied separately from traditional factual-basis analysis. *Huddleston*, 951 N.E.2d at 280 n.3. "[T]here is a difference between cases where the defendant actually denies guilt as to some necessary element of the offense and cases where the defendant merely fails to admit the existence

of such an element." *Id.* (quotation omitted). In the latter scenario, a sufficient factual basis may be established by evidence aside from a defendant's statements. *Id.*

Likewise, no separate showing of prejudice is required for protestation-of-innocence claims because to accept a plea of guilty when the defendant both pleads guilty and maintains his innocence at the same time constitutes reversible error. *See Ross*, 456 N.E.2d at 423 ("To accept such a plea constitutes reversible error."); *Kindred v. State*, 674 N.E.2d 570, 575 n.5 (Ind. Ct. App. 1996) ("Reversible error occurs only if prejudice results to the defendant."), *reh'g denied*, *trans. denied*. Accordingly, there was no need to show prejudice here because prejudice is inherent in protestation-of-innocence claims.

Johnson clearly denied touching the victim's vagina with his tongue even though he admitted that the victim would testify otherwise.[2] And without this act, Johnson's offense is not a Class A felony. Simply put, Johnson's acknowledgement that the victim would testify a certain way (thus satisfying the factual basis) does not negate his protestations of innocence to the Class A felony. Despite the State's attempts to extract an admission from Johnson that he was guilty of Class A felony child molesting, he did not admit and specifically denied that he touched the victim's vagina with his tongue or mouth, which is the basis for the Class A felony. The trial court erred in accepting Johnson's guilty plea to Class A felony child molesting because he pled guilty and

---

[2] This fact distinguishes this case from *Hitlaw v. State*, 178 Ind. App. 124, 381 N.E.2d 527 (1978), upon which the State relies on appeal. In *Hitlaw*, the defendant did not protest his innocence but rather claimed lack of memory. Nevertheless, the defendant admitted that the statements used against him at his guilty plea hearing "were true to the best of his knowledge." *Id.* at 126-27, 381 N.E.2d at 528. Johnson, however, did not admit to the truth of the victim's allegations.

maintained his innocence at the same time.[3] Accordingly, the post-conviction court erred in denying Johnson's petition for post-conviction relief. We therefore reverse and remand for further proceedings.[4]

Reversed and remanded.

FRIEDLANDER, J., and DARDEN, J., concur.

---

[3] The State argues that this case is on par with *Bland v. State*, 708 N.E.2d 880 (Ind. Ct. App. 1999). *See* Appellee's Br. p. 9. In *Bland*, the defendant was charged with operating a vehicle after a lifetime suspension. At the guilty plea hearing, the defendant initially informed the trial court that he did not believe his license was suspended for life. The trial court, however, pointed out the State's evidence, which included BMV records, and ordered a recess so that the defendant could examine this evidence. After the recess and when the State was laying the factual basis, the defendant stated, "[my] license wasn't suspended for life in no court." *Id.* at 882. Despite this comment, the defendant admitted that the State's evidence showed that his license had been suspended for life in March 1982 and that the notice was mailed to his last known address.

We first note that there was limited analysis of this issue in *Bland*. In fact, we cannot decipher if the *Bland* Court concluded that the trial court did not err in accepting the defendant's guilty plea because he did not protest his innocence or because he did not do so at the same time he pled guilty. To the extent the opinion might be construed as holding that a defendant can plead guilty and maintain his innocence at the same time, we think the court erred.

[4] The trial court may accept Johnson's guilty plea to the Class C felony or set this matter for trial on the Class A felony.