**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**MICHAEL R. FISHER**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHELLE BUMGARNER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JUAN BEAMON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-CR-571 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley E. Kroh, Judge Pro Tempore
Cause No. 49G03-1110-FB-76850

**February 25, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Juan Beamon appeals his conviction for sexual misconduct with a minor as a class B felony. Beamon raises one issue which we revise and restate as whether the evidence is sufficient to sustain his conviction. We reverse and remand.

## FACTS & PROCEDURAL HISTORY

The facts most favorable to the conviction follow. On October 12, 2011, Beamon and his cousin J.W., the mother of fifteen-year-old K.P., went to a bar to celebrate J.W.'s fortieth birthday. K.P. and her sister C.W. remained in J.W.'s apartment. K.P. went to sleep clothed, but took her clothes off at one point because she became hot. At some point, J.W. and Beamon returned to the apartment, and J.W. fell asleep on the couch.

K.P. awoke because she was being touched and saw Beamon crouched over the top of her. K.P. said, "Dude, what the F are you doing? I'm not my mother." Transcript at 35. Beamon did not respond verbally, but left the room. K.P. put her "clothes back on and wrapped up and turned and faced the wall." Id. at 36. K.P. did not tell anyone at that point because she was scared. K.P. fell back to sleep.

K.P. awoke again and discovered that her shorts and underwear were at her knees and Beamon was touching her vagina area. K.P. lay on her back and Beamon "had his hand in [her] vagina area." Id. at 37. K.P. said, "Dude, what are you doing?" Id. at 38. Beamon then stood up, shook his head, and walked out of K.P.'s room. K.P. did not leave her room because she was scared, but she called her mother and tried to listen to see if she heard her mother's phone, but she did not hear it. K.P. then called C.W. and stated: "Can you come and get me?" Id. at 40. K.P. told her sister that Beamon "was touching [her] 'coota mama,'" which was a term K.P. used for vagina. Id. at 41.

C.W. called some other family members who came over to the apartment. Rheagan Gilmore, a relative of K.P., came over and asked where Beamon was located, and her son told her that Beamon was in the back room. Gilmore went into the back room, found Beamon shirtless on the floor, struck Beamon with a "little bat," and told him to "get up and get the f--- out." Id. at 185, 187. Beamon then exited the apartment. K.P. then told Gilmore what happened, and Gilmore called the police.

On October 31, 2011, the State charged Beamon with Count I, sexual misconduct with a minor as a class B felony; and Count II, sexual misconduct with a minor as a class C felony. The State also alleged that Beamon was an habitual offender. At the trial, K.P. and others testified to the foregoing facts. Dr. Roberta Hibbard, a pediatrician and professor of pediatrics and the physician that examined K.P., testified with respect to a diagram of the female sexual organ. Specifically, Dr. Hibbard testified:

> So one of the things that's important and I think helps people in understanding the female genital tract is that many physicians and most lay people refer to all of this area as the vagina, and it's not all the vagina. The vagina is really just this tube. But all of these structures are part of the genitals.

> \* \* \* \* \*

> So this diagram helps you understand that there are many structures in the female genital tract and that there's actually a lot of penetration of the genitals going up inside the labia and the clitoris to get to even touch the urethra or the vaginal opening.

> This helps people understand I think that women, every time they wipe after they go to the bathroom, are penetrating their genitals and it doesn't necessarily leave any marks or cause any injury. But we're not necessarily penetrating the vagina.

Id. at 127-128.

3

The jury found Beamon guilty as charged. The court found that Beamon was an habitual offender. The court vacated the judgment of conviction on Count II due to double jeopardy concerns. The court sentenced Beamon to sixteen years for sexual misconduct with a minor as a class B felony and enhanced the sentence by ten years due to his status as an habitual offender for an aggregate sentence of twenty-six years. The court suspended three years of the sentence.

## ISSUE / STANDARD OF REVIEW

The issue is whether the evidence is sufficient to sustain Beamon's conviction for sexual misconduct with a minor as a class B felony. When reviewing claims of insufficiency of the evidence, we do not reweigh the evidence or judge the credibility of witnesses. Jordan v. State, 656 N.E.2d 816, 817 (Ind. 1995), reh'g denied. Rather, we look to the evidence and the reasonable inferences therefrom that support the verdict. Id. We will affirm the conviction if there exists evidence of probative value from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. Id. The uncorroborated testimony of one witness, even if it is the victim, is sufficient to sustain a conviction. Ferrell v. State, 565 N.E.2d 1070, 1072-1073 (Ind. 1991). However, "[a] conviction cannot be based on speculation." Gross v. State, 817 N.E.2d 306, 311 (Ind. Ct. App. 2004).

## ANALYSIS

The offense of sexual misconduct with a minor is governed by Ind. Code § 35-42-4-9, which provides that "[a] person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or

4

submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor" and that "the offense is . . . a Class B felony if it is committed by a person at least twenty-one (21) years of age . . . ." At the time of the offense, deviate sexual conduct was defined as "an act involving: (1) a sex organ of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9 (2004) (Repealed by Pub. L. No. 114-2012, §§ 87-102 (eff. July 1, 2012)). Whether penetration occurred is a question of fact to be determined by the jury. Borkholder v. State, 544 N.E.2d 571, 577 (Ind. Ct. App. 1989). Proof of the slightest penetration is sufficient to sustain a conviction. Scott v. State, 771 N.E.2d 718, 723 (citing Spurlock v. State, 675 N.E.2d 312, 315 (Ind. 1996)), disapproved of on other grounds by Louallen v. State, 778 N.E.2d 794 (Ind. 2002).

The State alleged that Beamon "being at least twenty-one (21) years of age, did perform or submit to deviate sexual conduct by inserting an object, that is: finger(s), into the sex organ of K.P., a child who was at least fourteen (14) years of age, but under the age of sixteen (16)." Appellant's Appendix at 27. Thus, to convict Beamon of sexual misconduct with a minor as a class B felony, the State needed to prove that Beamon, a person at least twenty-one years old, with K.P., a child at least fourteen years old but less than sixteen years old, inserted his finger into K.P.'s sex organ.

We also observe that Count II, sexual misconduct with a minor as a class C felony, of which the jury found Beamon guilty, is governed by Ind. Code § 35-42-4-9(b), which provides that "[a] person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to

5

any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony." "However, the offense is . . . a Class C felony if it is committed by a person at least twenty-one (21) years of age . . . ." Ind. Code § 35-42-4-9.

Beamon appears to argue only that the State failed to prove that he penetrated K.P.'s sex organ. He asserts that "the evidence is merely that a hand went in the vagina area" and that "[t]here is no testimony that there was penetration by a finger as alleged, or by a hand, or by any other object." Appellant's Brief at 9. Beamon argues that "[i]f the hand went into the vagina or into any part of the sex organ, the State could easily have elicited testimony to make this distinction in examining" K.P., and that "the testimony, as given, only states that the hand was in the area of the vagina." Id. Beamon also contends that the "doctor's very graphic description and visual documentation of the female sex organ provided no assistance in determining whether or not there was the requisite penetration." Id. at 8. Beamon requests that we vacate the conviction for sexual misconduct with a minor as a class B felony and enter judgment as a class C felony. The State argues the jury reasonably inferred that Beamon had penetrated K.P.'s sex organ based upon the testimony of K.P. and the attending physician.

The record reveals that K.P., who was fifteen years old at the time of the offense and sixteen years old at the time of trial, testified that Beamon "had his hand in [her] *vagina area*." Transcript at 37 (emphasis added). The prosecutor also used the phrase

"vagina area" during the direct examination of K.P. where the following exchange occurred:

Q    . . . And you said his hand was in your vagina area?

A    Yes.

Q    Okay. Did his hand touch your vagina area?

A    Yes.

Q    Okay. Did it ever go in your vagina area?

A    Yes.

Q    How did that feel?

A    Not right.

Id. at 38.

While the record reveals evidence of probative value from which a reasonable trier of fact could find that Beamon committed sexual misconduct as a class C felony, the State failed to present evidence of probative value from which the jury could have found beyond a reasonable doubt that Beamon penetrated K.P.'s sex organ. Accordingly, we reverse Beamon's conviction for sexual misconduct with a minor as a class B felony and remand to the trial court to enter judgment on Count II, sexual misconduct with a minor as a class C felony. See Johnson v. State, 960 N.E.2d 844, 848 (Ind. Ct. App. 2012) ("If [the defendant] used only his hand to *touch* the child's vagina, it would not qualify as deviate sexual conduct. See Ind. Code § 35-41-1-9. Rather, according to Indiana Code section 35-42-4-3(b), child molesting is a Class C felony, and not a Class A felony, if the defendant with a child under fourteen years of age 'performs or submits to any fondling

7

or touching, of either the child or the older person, with intent to arouse or to satisfy the sexual desires of either the child or the older person.'") (emphasis added); see also Garland v. State, 719 N.E.2d 1236, 1242 (Ind. 1999) (reversing a conviction for murder based upon insufficient evidence, observing that the jury had also found the defendant guilty of assisting a criminal, and remanding to the trial court to enter judgment and sentence on assisting a criminal, which the trial court had not previously entered judgment based upon double jeopardy grounds), reh'g denied.

For the foregoing reasons, we reverse Beamon's conviction for sexual misconduct with a minor as a class B felony and remand for proceedings consistent with this opinion.

Reversed and remanded.

BAILEY, J., and VAIDIK, J., concur.