## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 19 2020, 10:40 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Amy E. Karozos
Public Defender of Indiana

Meggan Smith
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Anthony Wampler,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

February 19, 2020

Court of Appeals Case No.
19A-PC-1686

Appeal from the Knox Superior Court

The Honorable Ryan D. Johanningsmeier, Judge

Trial Court Cause No.
42D02-1704-PC-4

**Mathias, Judge.**

[1] Anthony Wampler ("Wampler") appeals the Knox Superior Court's order denying his petition for post-conviction relief. Wampler argues, and the State

agrees, that he is entitled to post-conviction relief because the trial court erred when it accepted his guilty plea.

We reverse and remand for proceedings consistent with this opinion.

## Facts and Procedural History

On May 14, 2014, Wampler pleaded guilty to Class D felony criminal trespass for knowingly or intentionally entering the property of North Knox East Elementary School after he was denied entry. He was ordered to serve eighteen months, with six months executed and twelve months suspended to probation.

On April 25, 2017, Wampler filed a pro se petition for post-conviction relief. His petition was amended by counsel on November 2, 2018. Wampler alleged that the trial court committed reversible error when it accepted his guilty plea because he maintained his innocence on a material element of the crime.

The post-conviction court held an evidentiary hearing on May 3, 2019. Evidence admitted at the hearing established that Wampler did not admit his guilt to whether he knew that he was forbidden to enter the property of the elementary school. At his guilty plea hearing, Wampler testified that he knew he was not allowed on the high school property but did not know he was barred from the elementary school property. Tr. pp. 8–9.

On June 24, 2019, the post-conviction court issued its order denying Wampler post-conviction relief. The court concluded that the trial court should not have accepted Wampler's guilty plea because he did not admit guilt to an element of

the crime of criminal trespass. But the court found that Wampler was not entitled to post-conviction relief because his claim was available for direct appeal, and therefore, Wampler could not raise it for the first time in a post-conviction proceeding. Wampler now appeals.

## Discussion and Decision

[7] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Davidson v. State*, 763 N.E.2d 441, 443 (Ind. 2002). The post-conviction petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Henley v. State*, 881 N.E.2d 639, 643 (Ind. 2008). Thus, on appeal from the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id.* To prevail on appeal from the denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *Id*. at 643–44.

[8] Because the post-conviction court made specific findings of fact and conclusions of law in accordance with Indiana Post-Conviction Rule 1(6), we must determine on review whether the post-conviction court's findings are sufficient to support its judgment. *McDowell v. State*, 102 N.E.3d 924, 929 (Ind. Ct. App. 2018) (citation omitted), *trans. denied*. Although we do not defer to the post-conviction court's legal conclusions, we review the post-conviction court's factual findings for clear error. *Id.* Accordingly, we will not reweigh the

evidence or judge the credibility of witnesses and will consider only the probative evidence and reasonable inferences flowing therefrom that support the post-conviction court's decision. *Id.*

[9] Wampler argues, and the State agrees, that protestation of innocence claims must be raised in petitions for post-conviction relief. Therefore, he claims that the post-conviction court erred when it concluded that his claim could have been raised on direct appeal and the court should have granted his petition for post-conviction relief.

[10] A trial court commits reversible error by accepting a guilty plea where a defendant both pleads guilty and maintains his innocence at the same time. *Ellis v. State,* 67 N.E.3d 643, 646 (Ind. 2017); *Harshman v. State,* 232 Ind. 618, 115 N.E.2d 501, 502 (1953) (holding "a plea of guilty tendered by one who in the same breath protests his innocence, or declares he actually does not know whether or not he is guilty, is no plea at all. Certainly it is not a sufficient plea upon which to base a judgment of conviction."). The defendant's protestation of innocence must have been both consistent and unequivocal. *Carter v. State,* 739 N.E.2d 126, 130 (Ind. 2000); *see also Johnson v. State,* 960 N.E.2d 844, 849 (Ind. Ct. App. 2012) (defendant was entitled to relief because he consistently maintained innocence at the guilty plea hearing and clearly denied committing the crime charged).

[11] The State concedes that Wampler protested his innocence during his guilty plea hearing. Appellee's Br. at 8. The State acknowledges that "Wampler denied

that he had been told he was not permitted to enter the elementary school's property and the State provided no evidence that Wampler was denied entry by some other means." Appellee's Br. at 8; *see also* Ind. Code § 35-43-2-2 ("A person who . . . not having a contractual interest in the property, knowingly or intentionally enters the real property of another person after having been denied entry by the other person or that person's agent . . . commits criminal trespass[.]"). Under these circumstances, the trial court should not have accepted Wampler's guilty plea.

[12] The State also agrees that Wampler's claim could not have been raised on direct appeal. "[O]nce judgment is entered, a defendant may not subsequently challenge his guilty plea on direct appeal." *Brightman v. State*, 758 N.E.2d 41, 44 (Ind. 2001) (citing *Tumulty v. State*, 666 N.E.2d 394, 395–96 (Ind. 1996)). The correct avenue for such claims is post-conviction relief. *Id.* The post-conviction court erred when it concluded that Wampler could have raised his claim on direct appeal.

## Conclusion

[13] Because Wampler did not admit his guilt to each element of criminal trespass, the trial court erred when it accepted his guilty plea. Therefore, the post-conviction court erred when it denied Wampler's petition for post-conviction relief.

[14] We reverse and remand this case to the post-conviction court with instructions to order that the plea agreement be vacated in its entirety. This may result in the

State reinstating all the dismissed charges against Wampler, which is a necessary consequence of vacating the plea agreement. Should Wampler again be convicted—whether by virtue of a trial or a guilty plea—sentencing will still be subject to the limits imposed by Post–Conviction Rule 1(10). *See Williams-Bey v. State*, 51 N.E.3d 1261, 1267 (Ind. Ct. App. 2016).

[15] Reversed and remanded for proceedings consistent with this opinion.

Kirsch, J., and Bailey, J., concur.